Judge Crenshaw
delivered the opinion of the Court.
Vanderpool having been robbed of his gold watch and chain, and diamond breast-pin and a sum of money, on his passage on the steamboat Crystal Palace from Paducah to Louisville, brought this suit against the boat to recover compensation for his loss. He occupied on the trip state-room No. 10, and, before retiring to rest on the night of the larceny, he communicated to a servant on the boat the fact that the lock on his room door was out of order, and that the door could not be fastened ; he was told by the servant that there was no way to fasten it except to a put a chair and his baggage against it, which he did. The watch and chain, breast-pin, and money were worn and carried on the person of the plaintiff, and on retiring to bed they were placed on a chair, and a shirt thrown over them. On the following morning the articles were discovered to have been stolen during the night.
Steamboats are, in some respects, analogous to inns, and it would greatly promote the ease, comfort, and safety of the traveling community if their owners were held responsible to the same extent that innkeepers are ; but, so far as we know, they have never been held accountable upon the principles applicable to inn-keepers, and we suppose that thousands, of instances have occurred on steamboats, of depredations like the one perpetrated on the plaintiff, and yet we have heard of no case in which the principles of law governing inn-keepers have been extended to steamboat owners, except in the case under consideration. The chancellor,' regarding the *308 safety of the traveling community of the highest importance, and judging that reason and propriety required that steamboat owners should be held responsible in cases like this, determined that the defendant should pay the plaintiff for his loss. But altho’ we concur with the chancellor in the importance of the subject, and thinkjhiat there are many good.reassons why the responsibility of the owners of steamboats should be enlarged, we know of no principle of the common law which will authorize a recovery in this case, and we have no statute upon the subject. We do not feel authorized, therefore, in the absence of any statutory regulations, and any common law authority upon the subject, to establish a new rule and apply a new principle, but think that the matter is one peculiarly of legislative cognizance.
Steamboat owners are regarded and held to the responsibilities of common carriers; but are not responsible to pas sengers for the loss of their wearing apparel which they carry about their person, and not aelirered to the officers of the bo at as baggage for safe keeping
Steamboat owners are regarded as common carriers, and are subject to the well established principles governing their responsibilities; and we are not aware of any principle by which common carriers can he held responsible for the wearing apparel of the passenger, or his money which he carries upon his person, and which is under his own immediate care and control. When such things are made baggage, and are delivered to the owners or their agents, the rule is different, and their responsibility is regulated by the established rules in reference to the baggage of passengers.
The fact that the lock was out of order, and that this was made known to a servant, cannot, in our opinion, make the boat responsible as a common carrier — the plaintiff choosing to- retain the articles under his own care, instead of delivering them into the care and custody of the officers, especially as the conduct and declarations of the plaintiff were calculated to invite the depredations committed upon him.
Wherefore the judgment is reversed, and the cause remanded that the petition may be dismissed.