JAMES ABBOTT *versus* WILLIAM BRADSTREET *& als.*

The owners of a steamboat are not liable for money stolen from the pocket of a passenger thereon, where it does not appear that the robbery was perpetrated by one of the employees of the boat.

ON REPORT.

ASSUMPSIT against the owners of the steamboat "Star of the East," to recover money alleged to have been stolen from the pocket of the plaintiff while he was a passenger.

It appeared that the plaintiff took passage on the defendants' boat on June 29, 1866; and during the night $197,56 were stolen from his pocket by some person unknown. He paid the usual fare for one passenger and did not deliver his money into the custody of the defendants or their agent, nor give them any notice that he had it on his person. The defendants were common carriers of persons and freight by steamboat from Boston to Gardiner. After the loss, the captain was requested to stop the boat and search the passengers, but declined to do so.

*N. M. Whitmore*, 2d, for the plaintiff. .

Carriers are answerable for losses of money of their pas-sengers, to the extent that is necessary for their travelling expenses. *Johnson* v. *Stone*, 11 Humph., 420 ; *Illinois* v. *Copeland*, 24 Ill., 336 ; *Weed* v. *Sar. & Schen. Railroad*, 19 Wend., 534 ; *Jordan* v. *Fall River Railroad*, 5 Cush., 73 ; *Woods* v. *Devin*, 13 Ill., 750.

The boat run in the night and furnished meals and lodg-ings to its passengers. The defendants are liable same as innkeepers. .

While the plaintiff was asleep in the bed assigned to him by defendants, he and the money in his pocket was in their custody and control. There was no need of special deposit . with the agent of the boat. *Johnson* v. *Richardson*, 17 Ill., 302.

*A. Libbey*, for the defendants, cited

Story's Bailm., §§ 532, 533, and cases *infra*, and § 499 ; *Jordan* v. *Fall River Railroad*, 5 Cush., 69 ; *Collins* v. *Boston & Maine Railroad*, 10 Cush., 506 ; *East India Co.* v. *Pullen*, 2 Stra., 690 ; *Tower* v. *Utica & S. Railroad*, 7 Hill, 47.

CUTTING, J. —This is an action of *assumpsit* against the defendants as common carriers. The plaintiff alleges that, on the 29th day of June, 1866, he was a passenger on board the steamboat " Star of the East," on her passage from Bos-ton to Gardiner ; that, during her passage, his wallet, con-taining $197,56, was stolen from his pocket, and claims that the defendants are liable for the loss.

It is admitted that the sum, before mentioned, was stolen from the plaintiff's pocket by some person unknown — that he paid the usual fare for one passenger, and did not deliver his money into the custody of the defendants or their agent, nor give them any notice that he had the money on his per-son — that the defendants were the owners of the boat, and common carriers of persons and freight from Boston to Gar-diner.

While the rule of law applicable to common carriers has been most stringently construed against them, yet the plaintiff's counsel, with all his research and great industry, has found no case charging them for the loss of property not within their custody and control, such as baggage and merchandise actually delivered. Even in the case of *Jordan* v. *Fall River Railroad Co.*, 5 Cush., 69, the trunk was delivered to the baggage master, containing a large sum of money, which was subsequently stolen; yet the Court held that the defendants, having no notice that the trunk contained anything more than the common luggage of a traveller, were not responsible for more of the money than sufficent for ordinary travelling expenses. It is a familiar remark, that "hard cases make shipwreck of law," and this may have been one of that description.

But it is contended, and evidence was introduced tending to show, that the money was stolen by one of the employees of the boat. If satisfied that such was the case, we might, perhaps, hold the defendants responsible. While the testimony may excite a suspicion, yet it fails to prove the fact.

*Plaintiff nonsuit.*

Appleton, C. J., and Danforth, J., concurred.

Walton, Dickerson and Tapley, JJ., concurred in the result.