YEWELL D. SCALES, plaintiff in error, v. ORDINARY OF CHATTAHOOCHEE COUNTY, defendant in error.

(Atlanta, June Term, 1870.)

BRIDGES—FAILURE TO REPAIR—LIABILITY OF COUNTY FOR DAMAGES.*—Under the laws of this State an action does not lie against the county for damages caused by neglect of the proper authorities to repair a bridge, it not appearing that it was a toll-

*BRIDGES—FAILURE TO REPAIR—LIABILITY OF COUNTY TO SUIT.—A county is not liable to suit unless there is a law which in express terms or by necessary implication so declares. And this is true whether the alleged cause of action arises from the negligent performance of duties which the county authorities are compelled to perform, or a negligent discharge of duties voluntarily assumed in the exercise of a discretion vested in them by law. Millwood v. De Kalb County, 106 Ga. 743, 32 S. E. Rep. 577.

"In 41 Ga. 225, it was held by a majority of the court, and in 54 Ga. 25, it was held by a full bench, that an action did not lie against a county for damages caused by neglect of the proper authorities to repair a bridge, it not appearing that it was a toll bridge, or such a one as was built by a contractor, and that there was a failure to take the proper bond of indemnity required by such sections as were applicable to the subject. This ruling could not be reversed by a majority of the court, but only by the unanimous opinion of a full bench upon leave granted to review it; and the present bench, not being unanimous, the former ruling must stand. Code, § 217." County of Gwinnett v. Dunn, 74 Ga. 358.

SAME—SAME—SAME—LIABILITY BY STATUTE.—Whenever a county is by statute made liable for a given demand, an action against it will lie therefor, though the statute does not in express terms authorize or provide for the bringing of such an action. Mackey v. Ordinaries, 59 Ga. 832; Davis v. Horne, 64 Ga. 69; Smith v.

Scales v. Ordinary

bridge, or such an one as was built by a contractor, and that there was a failure to take the proper bond of indemnity required by sections 710 and 711 of the Code. Judgment affirmed. Warner, J., dissenting.

Case against County. Demurrer. Before Judge Johnson. Chattahoochee Superior Court. March Term, 1869.

Scales brought case against the Ordinary of said county, in which he averred, that in 1869, "there was, and thence hitherto has been and still is, a certain public road in said county, known as the road leading from Jamestown to Massey's church, etc., the same heading a certain creek, in said county, known as the Oswitchee creek. At the place where said road crosses said creek there was on the day and year aforesaid, a certain bridge which had been erected by said county, for the convenience of persons passing along said road, which was and still is a public bridge, and the usual and only proper means by which persons passing along said road, across said creek. On the day and year aforesaid, it was *and still is the duty of said defendant to proceed for the execution and repair of all public bridges, and the said bridges should be kept in repair by hands subject to road duty, or to work on roads, etc. Yet said defendant, well knowing the premises on the day and

Floyd County, 85 Ga. 420, 11 S. E. Rep. 850. See also, Scales v. Ordinary, 41 Ga. 225; Hammond v. County of Richmond, 72 Ga. 188." Harris County v. Brady, 115 Ga. 767, 42 S. E. Rep. 71.

See also, citing the principal case, Hammond v. Richmond, 72 Ga. 188.

SAME—SAME—SAME—ALLEGATIONS IN DECLARATION. —Under §§ 669, 670, 671 and 691 of the Code when a suit is brought against a county for damages caused by a want of proper repairs to a public bridge, it should appear that the bridge was erected by letting it out to the lowest bidder, and that no bond was taken from the contractor faithfully to perform his contract and to indemnify for all damages occasioned by a failure so to do and to keep the bridge in good repair for seven years, and for such further time as may be embraced in the contract. And both of these facts should be alleged in the declaration. "This is the construction given to these sections in Scales v. Ordinary, etc., 41 Ga. 225." Collins v. Hudson, 54 Ga. 25.

SAME—SAME—SAME—FAILURE TO TAKE BOND.—Where the building of a public bridge is let out by contract and the county fails to take the bond required by § 671 of Code, it is liable for damages resulting from its defective construction, even though the injury complained of occurred more than seven years after its completion. Mackey v. Ordinaries, 59 Ga. 832, citing the principal case.

"In cases where the statute provides for the liability of counties, a recovery may be had against them; as when no sufficient bond is taken to keep bridges in repair. Code, §§ 491, 691. Scales v. Ordinary, 41 Ga. 229; Mackey v. Ordinaries, 59 Ga. 832; Davis v. Horne, 64 Ga. 69; Hammond v. Richmond, 72 Ga. 188.

SAME—SAME—SAME—FAILURE TO MAKE NEW CONTRACT.—If the time covered by a contractor's bond for keeping in repair a county bridge has expired and the county does not make a new contract for that purpose, but undertakes to keep the bridge in repair itself, it will be liable for damages resulting from a failure to do so. Davis v. Horne, 64 Ga. 69, citing the principal case.

See also, citing the principal case, Helvingston v. Macon County, 103 Ga. 106, 29 S. E. Rep. 596.

year aforesaid, wrongfully and neglectfully, suffered said bridge to fall into decay, and to need repairs, and did not nor would repair or rebuild the same or cause the same to be repaired, in consequence of which said negligence and improper conduct of the said defendant," said plaintiff's wagon loaded with "Chill-Killer," was thrown into the creek and broken, his team was injured, etc. His damages being fully set out as to manner and quantity, he prayed process in the usual form against "said defendant."

This petition was demurred to upon the ground, that the facts did not make a case against the county of Muscogee, and against the county, plaintiff was seeking the recovery. The Court sustained the demurrer and dismissed the case.

That is assigned as error.

Peabody & Brannon, for plaintiff in error, cited Irwin's Code, secs. 525, 526, 707, 710, 1672; 2 Sald. K. R., 609; 3 Hill's N. Y. R., 614-619; 38th Ga. R., 346.

No appearance for defendant.

McCAY, J.

It is admitted that, by the Common Law, counties, hundreds, townships, districts, etc., are not liable to an action of this kind. They are subdivisions of the State Government—mere modes by which he State parcels out its duties of governing the people: Sherman and Redfield on Negligence and authorities quoted, 135 and 136. The point made in this case is, that the Code makes every county a corporation, with the right to sue and be sued: Code, section 525; and it is argued that this provision ex vi termini, gives to the citizen a right to sue the county for the non-performance of any duty, in the same manner as though the failure was by any other corporation or individual. Without doubt, such a *suit will lie against a municipal corporation: Chestnut Hill Turnpike Co. v. Rutler, 4 Sear. & Rawle, 6.

But in our opinion, a county, though a corporation, and liable to be sued, stands, in many respects, upon a different footing from cities and towns. A city has a charter giving to its citizens various privileges not granted to citizens in general. This charter also usually exempts the corporations from various public duties, cast by the general law upon other citizens. In this State these charters, whether of cities or towns, almost invariably exempt the corporations from road duty. In consideration of these privileges, these corporations undertake, as corporations, certain public duties. One of these is to keep the roads and bridges within the corporate limits, in good condition. This duty and these privileges are not forced on the people. They are granted at their request, and they may be given up either by a surrender of the charter, or by a non-user.

Counties, as corporations, stand upon an entirely different

footing. They are, as we have said, mere subdivisions of the State. The people have no privileges or immunities not granted to all citizens. They are in fact, merely convenient modes by which the State governs the people. The corporate existence cast by law on counties is not asked for, and cannot be cast aside, but is the law of the State, and it can not be inferred that, in consideration of the grant and of the privileges conferred in the charter, the people of the county have undertaken the public duties cast upon them.

Again, the duty of keeping streets in repair is cast upon corporations by their charters. And it is the duty of the municipal corporation to elect such officers, and furnish such means, as will comply with their undertaking. And if the corporation fail it is liable. But there is no such duty cast by law upon counties, as such. It is true, the Code makes it the duty of certain officers to cause bridges to be built and the public roads to be kept in order, but this is a duty cast not upon the county, the corporation, but upon certain public officers. And these officers are not the officers of the "corporation." They are officers of the State, provided for *in the Constitution, commissioned by the Governor, and not at all under the control of the county, or of the citizens of the county. They are selected under the general laws of the State, and might, if the Legislature pleased, be chosen by that body itself, or by the Governor. Indeed, one of the Road Commissioners in each district—the Notary—is selected by the Governor.

We do not see why a county should be liable for a failure of a public officer to perform his duty as to bridges and roads, any more than upon his failure to do any other duty required by him. The law does not cast the duty upon the county but upon the officers, and they are officers of the State, although it may be that their duties are confined to the county. The State is never suable except by express enactment, and this is also true of subdivisions of the State. They are parts of the sovereign power, clothed with public duties which belong to the State, and for convenience divided among local organizations. We are the more clear in this view of the law, from the fact that the Court provides two cases in which counties may be sued for damages caused by neglect to keep bridges in repair: 1st, When the bridge is a toll-bridge set up by the county: See Code, section 709. 2d, Where the bridge is one built by contract. In that case the law requires the Inferior Court to take a bond from the contractor with security, faithfully to perform his work and to keep the bridge in repair at least seven years. Section 731 provides that if no such bond be taken from the contractor, the county shall be liable for damages caused by not keeping the bridge in repair. It seems to us that the declaration of the Code, that the county shall be liable in these two cases, is ·a strong legislative intimation that it was not liable in other cases.

Without doubt, it is in the power of the Legislature to make the county liable to such an action as this record sets forth. We do not think the law declaring the county to be a corporation has that effect. Judgment affirmed.

BROWN, C. J., concurred, but wrote no opinion.

*WARNER, J., dissenting.

This was an action brought by the plaintiff against the Ordinary of Chattahoochee county to recover damages alleged to have been sustained in consequence of the bad and unsafe condition of a bridge on a public road in said county. There was a general demurrer to the plaintiff's declaration, which was sustained by the Court below, and the plaintiff excepted. The Inferior Courts of this State having been abolished by the Constitution of 1868, and the duties of the justices thereof having been transferred to the Ordinary of the respective counties, the question is, what were the duties and liabilities of the Justices of the Inferior Courts of the respective counties of ths State, under the present existing laws thereof, in relation to keeping in good repair the public roads and bridges, which have been transferred to the Ordinaries of the several counties. The 1679th section of the Code declares, "that every corporation acts through its officers, and is responsible for the acts of such officers, in the sphere of their appropriate duties." The 525th section of the Code declares, that "every county which has been, or may be established in this State, is a body corporate, with power to sue, or be sued, in any Court." The 526th section declares, that "suits against a county, must be against the Inferior Court." By the 710th section of the Code, the Justices of the Inferior Court of the several counties have authority "to appoint the places for the erection of public bridges, and to make suitable provision for their erection and repairs, by letting them out to the lowest bidder, hiring hands, or in any other way that may be for the public good and agreeable to law, and to require sufficient bond, and good security for the faithful performance of all such work and contracts, and to indemnify for all damages occasioned by a failure so to do." The 731st section provides, that all contractors for the establishment of bridges shall be liable for such damages as may occur from a want of good faith in performing their several contracts; and that if no bond or sufficient guarantee has *been taken by the justices of the Inferior Court, the county is also liable for the damages; that is to say, the county is also liable as a corporation for the damages sustained, whether a bond of indemnity has been taken from the contractor or not. It is the duty of the corporation to take a bond of indemnity from the contractor to indemnify it against all dam-

ages, so that in the event the corporation is made liable, the contractor shall respond to it for the damages recovered. The 542d section of the Code declares, that the private property of the citizens of a county shall not be bound by any judgment obtained against the county, but such judgment, if binding, shall be satisfied from money raised by lawful taxation. The 545th section provides, that if the grand jury shall fail or refuse to recommend the levy of a lawful tax sufficient to discharge any judgment that may have been obtained against the county, or any debt for the payment whereof there is a mandamus, or the necessary current expenses of the year, the Justices of the Inferior Court may levy the necessary tax without such recommendation. The 547th section declares, that the right of a creditor of a county to compel such tax levied, is the same as set forth in section 537, touching tax for building, which last named section provides for an application to the Judge of the Superior Court for a mandamus. By the 710th section of the Code, it is made the duty of the Justices of the Inferior Court, now the Ordinary, to exercise a general supervision over the public bridges of the county, and see that they are kept in proper order.

Whatever may have been the Common Law rule as to the liability of counties to be sued for damages for neglect of duty, imposed by law on the officers thereof, under the several provisions of the Code before recited, suit may now be brought against them as corporations, and they are responsible as such corporations for the acts of their officers, either of omission or commission, in the sphere of their appropriate duties as required by law, in the same manner as the officers of other corporations, and that the judgment which the plaintiff may recover, will be rendered against the county in its *corporate capacity, and is to be paid by the levy of a tax on the citizens of the county, as provided by the Code. Inasmuch as the contractors to build public bridges in the respective counties are required by law to give bond and good security to indemnify for all damages for their failure to erect and keep in good repair, such public bridges, the legal presumption is, that the county is indemnified against ultimate loss, should a recovery be had in this case against the county. It was the clear and manifest intention of the Legislature in making the several counties in this State bodies corporate, with power to sue and liable to be sued, to alter and change the Common Law rule, as held by the Court in Russell v. the Men of Devon, second term, Reports 667. The main grounds upon which that decision was based are obviated and no longer exist under the several provisions of the Code before cited. The right of action against the county as a corporation is expressly given by statute, and a remedy is provided for the satisfaction of the judgment which may be obtained against the county for a breach of its cor-

porate duty.   See Riddle v. the Proprietors, etc., 7th Massachusetts Reports, 187.

In my judgment, the dismissal of the plaintiff's action in the Court below, on a general demurrer thereto, was error.