ALVAN G. CLARK vs. JAMES BURNS & others.

Suffolk. March 19. — Sept. 4, 1875. AMES & ENDICOTT, JJ., absent.

The owner of a steamship carrying passengers for hire is not an innkeeper, although the passenger pays a round sum for transportation, board and lodging.

The owner of a steamship is not liable as a common carrier, for a watch worn by a passenger on his person by day and kept by him within reach at night, whether retained upon his person, or placed under his pillow, or in a pocket of his clothing hanging near him.

In an action against a common carrier of passengers for the loss of a watch stolen from the state room of a passenger in the night time, the case was submitted on agreed facts to the judgment of the Superior Court, which ruled that the plaintiff could not maintain his action, and gave judgment for the defendant. *Held*, that the question, whether upon the facts the inference could be properly drawn that the defendant was guilty of negligence, was not open to the plaintiff upon a bill of exceptions.

CONTRACT, for the value of a watch, against the owners of a steamship as common carriers, with counts in tort for negligence, and also counts charging them as innkeepers. The case was submitted to the Superior Court on an agreed statement of facts in substance as follows :

The defendants are the owners of the Cunard line of steamers, so called, which run between Boston and Liverpool, and New York and Liverpool, and are common carriers of passengers and freight between those places. On November 28, 1871, the plaintiff left Liverpool on board the steamship Calabria, one of the Cunard line, for New York as a first-class passenger. The plaintiff paid for his ticket, by which he became entitled to the usual accommodation on board the ship for sleeping and lodging, and to be supplied with proper food. He took with him and wore on his person in the daytime the watch referred to in the declaration. He occupied a state room with two berths, one of which was occupied by another passenger, placed there by the defendants, and it is admitted that the watch was not taken by him. The state room had a lock but no key or other fastening. When the plaintiff went to bed on Sunday evening, December 3, at nine o'clock, he put his watch in the pocket made for it in his waistcoat which he hung by the arm-holes on a hook in his state room, intended for clothes to be hung on. He did not fasten his state room door having no means to do so. The lamp in the state

room was so placed that the steward had to come into the state room and go to the farther end thereof to light it and to put the light out, and was in the habit of doing so at the time appointed, by the rules and regulations of the ship, for lighting the lamps and putting out the lights. Passengers are not allowed to light or put out the lamps. The lamps are put out at ten o'clock, P. M. When the plaintiff first arose to dress himself at the usual hour on Monday morning, his watch was missing. He notified the captain immediately of his loss, and the purser made a thorough search of the state room, and then a careful examination of the plaintiff's trunk and the trunk of the gentleman who occupied the other berth in the state room, but without success.

The plaintiff had the usual accommodations given to first-class passengers on board the defendants' steamers, and it is the usual custom of the defendants not to permit the locking of state room doors, nor to permit passengers to control the lamps in their state rooms or the windows thereof, but to give the stewards access at all times to the state rooms in order that passengers may not, by the use of matches, or by imprudently opening their windows, incur the risk to themselves, their fellow-passengers and the ship and cargo, of fire, and of the entrance of water through the windows, and also that they may be accessible in case of accident or danger, or of their own helplessness from sickness or other causes.

When the plaintiff reached Boston he called on the defendants' agent, Mr. Alexander, of whom he purchased his ticket, and requested of him payment for the loss sustained by him, and at the same time complained that the state rooms were not allowed to be locked, to which Alexander replied, giving as a reason for the rule, that the state rooms must be accessible for the safety of the ship, cargo and passengers. The plaintiff had crossed the ocean three times before in boats of the Cunard line and had never had a key or fastening to his state room, and understood that it was against the rule or custom of these ships. The watch was worth one hundred and twenty-five dollars. The pleadings may be referred to.

If upon the foregoing facts the plaintiff was entitled to recover, judgment was to be rendered for $125, and interest from date of the writ, with costs; otherwise judgment for the defendants, with costs.

Upon the facts agreed, *Brigham*, C. J., ruled that the plaintiff could not maintain this action, and ordered judgment for the defendants ; and the plaintiff alleged exceptions.

*C. A. Welch*, for the plaintiff.

*W. G. Russell*, for the defendants.

GRAY, C. J.   The liabilities of common carriers and innkeepers, though similar, are distinct.   No one is subject to both liabilities at the same time, and with regard to the same property.   The liability of an innkeeper extends only to goods put in his charge as keeper of a public house, and does not attach to a carrier who has no house and is engaged only in the business of transportation.   The defendants, as owners of steamboats carrying passengers and goods for hire, were not innkeepers.   They would be subject to the liability of common carriers for the baggage of passengers in their custody, and might perhaps be so liable for a watch of the passenger locked up in his trunk with other baggage.   But a watch, worn by a passenger on his person by day, and kept by him within reach for use at night, whether retained upon his person, or placed under his pillow, or in a pocket of his clothing hanging near him, is not so intrusted to their custody and control as to make them liable for it as common carriers. *Steamboat Crystal Palace* v. *Vanderpool*, 16 B. Mon. 302.   *Tower* v. *Utica Railroad*, 7 Hill, 47.   *Abbott* v. *Bradstreet*, 55 Maine, 530.   *Pullman Palace Car Co.* v. *Smith*, 7 Chicago Legal News, 237.

Whether the defendants' regulations as to keeping the doors of the state rooms unlocked, the want of precautions against theft, and the other facts agreed, were sufficient to show negligence on the part of the defendants, was, taking the most favorable view for the plaintiff. a question of fact, upon which the decision of the court below was conclusive.   *Fox* v. *Adams Express Co.* 116 Mass. 292.                                   *Exceptions overruled.*