JAMES W. MACKEY, plaintiff in error, *vs.* THE ORDINARIES OF MURRAY AND WHITFIELD COUNTIES, defendants in error.

1. Charge upon assumed state of facts, error.
2. Where the building of a public bridge is let out by contract, and the county fails to take the bond required by §671 of the Code, it is liable for damages resulting from its defective construction, even though the injury complained of occurred more than seven years after its completion.

BLECKLEY, Judge, dissented.

Charge of Court. County matters. Roads and bridges. Before Judge McCUTCHEN. Murray Superior Court. February Term, 1877.

Reported in the opinion.

JOHNSON & McCAMY, by SHUMATE & WILLIAMSON, for plaintiff in error.

J. A. R. HANKS, by brief, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the ordinaries of Murray and Whitfield counties, to recover damages sustained by the plaintiff in consequence of a defective bridge, which had been built by the aforesaid counties across the Conasauga river by letting out the same to the lowest bidder, without taking a bond of the contractor to keep said bridge in repair. On the trial of the case, the jury, under the charge of the court, found a verdict for the defendants. The court charged, amongst other things, "that if the jury find that the injury complained of by plaintiff occurred more than seven years after the erection of the bridge, then the defendants are not liable," whereupon the plaintiff excepted. It was admitted at the trial that the bridge was built by letting it out to A. P. Roberts as the lowest bidder, and that no bond was taken, as required by the Code, to keep it in repair, and that it was completed about the 1st of January, 1867. The injury complained of occurred in September, 1874. If this was an original question in this court, I should hold that the counties were liable to be sued for the damages sustained as corporations, for the reasons expressed in my dissenting opinion in *Scales vs. The Ordinary of Chattahoochee County*, 41 *Georgia Reports*, 229. But, according to the ruling of the majority of the court in that case, the charge of the court was error in this case.

The 671st section of the Code declares that "when a public bridge, ferry, turnpike or causeway is let out, the contractor must, in his bond, make a condition also to keep it in good repair for at least seven years, and as many more years as the contract may be for." The majority of the court held in the above, case, that if no bond was taken from the contractor as required, the county would be liable under the 691st section of the new Code. It does not appear for what length of time the contract was made by the contractor to keep the bridge in good repair ; whether it was for seven or more years. The

charge of the court assumes that there was evidence that the contractor was only bound by his contract to keep the bridge in good repair for seven years, whereas there was no evidence for what length of time he contracted to keep it in good repair, therefore the charge of the court was error for that reason. But if the contract had been to keep the bridge in good repair for seven years the defendants failed to perform their duty, by requiring the contractor to give bond as required by law for its faithful performance, and shall they be allowed to take advantage of their own neglect of duty, enjoined upon them by law, and be placed in the same condition and have the same protection after the expiration of seven years, as if they had performed their duty? If the law makes them liable for damages for not keeping the bridge in repair for at least seven years when no bond and security has been taken of the contractor, as was held by the majority of the court in *Scales vs. The Ordinary of Chattahoochee County*, why should they not be liable as well after the expiration of seven years as during that period? The ground of the defendants liability is a continuing neglect of duty from the time of making the contract by the contractor up to the time of the injury. The defect in the bridge which caused the injury may have resulted from the defendants neglect of duty in not requiring bond and security of the contractor—who can tell? As a general rule, contractors do their work better when bond and security is required of them for the faithful performance of their contracts, especially bridge contractors who build bridges for the public. The defendants were in default in not performing their legal duty, and should not be allowed to take advantage of it to shield them from liability.

Let the judgment of the court below be reversed.

Jackson, Judge, concurring.

I concur in the judgment pronounced by the chief justice, for the reason that the statutes construed together

make the counties liable for bad bridges, where the ordinaries fail to take bond, with good security, from contractors. Code, §671, prescribes that where a public bridge is let out bond must be taken to keep it in repair for at least seven years, and as many more years as the contract may be for; and §691 provides that "if no bond or sufficient guarantee has been taken by the ordinary, the county is *also* liable for damages." The idea is, that the traveler must look to the contractor *alone*, where the ordinary has discharged his duty and taken sufficient bond, but where the ordinary has not done his duty and taken bond, then the traveler can go upon the county or contractor, either or both, for damage from defective bridges. In this case, no bond was taken at all, though the contract was let to the lowest bidder, and the county is liable by the plain words of the Code, as well as the decision of this court in *Scales vs. Chattahoochee County*, 41 *Ga.*, 229, whether we take the majority or minority opinion of the judges. It makes no difference that seven years had elapsed from the completion of the bridge. If the counties had discontinued the bridge, notice thereof should have been given the public; if not discontinued, they should have let it out again to be kept in repair to relieve themselves from liability. There is no evidence that it was discontinued, by notice or otherwise, and, it not being made safe for travel by a contract to keep it in repair, with bond therefor, the counties are liable, even under the ruling of the majority of the court in Scales' case.

BLECKLEY, Judge, dissented, but furnished no written opinion.