DAVIS *et al.*, commissioners, *vs.* HORNE.

If the time covered by a contractor's bond for keeping in repair a county bridge has expired, and the county does not make a new contract for that purpose, but undertakes to keep the bridge in repair itself, it will be liable for damages resulting from a failure to do so.

BLECKLEY, Justice, dissented.

County matters. Roads and bridges. Damages. Before Judge SIMMONS. Houston Superior Court. November Adjourned Term, 1878.

Reported in the decision.

E. WARREN; DAVIS & RILEY, for plaintiffs in error.

DUNCAN & MILLER, for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from the county court of Houston county. On the hearing of the same the court sustained the *certiorari* and awarded a judgment against the defendants for the sum of $50.00 and costs; whereupon the defendants excepted.

It appears from the evidence in the record that Jordan Horne sued the county of Houston to recover damages on account of his horse having fallen through a defective bridge in said county. It was admitted that the bridge had been built by a contractor; that the county authorities had taken from him the bond and security required by law to keep it up, etc., for seven years; that the seven years had expired, and that since that time the county had undertaken to keep it in repair itself; and the question is whether, upon this statement of facts, the county was liable for the damages sustained by the plaintiff. This case comes within the ruling of this court in *Mackey vs. The Ordinaries of Mur-*

*Davis et al.,* commissioners, *vs.* Horne.

*ray and Whitfield Counties,* 59 *Ga.,* 832, and must be controlled by it.

Let the judgment of the court below be affirmed.

JACKSON, Justice, concurred, but furnished no written opinion.

BLECKLEY, Justice, dissenting.

In the scheme of the Code, one who has erected a public free bridge at the expense of the county, under contract with the ordinary, is responsible for its safety in so far as faithful construction and repairs will render it safe; and this responsibility continues through at least seven years, and may continue through a longer period if his contract so provides. His liability for injuries sustained in using the bridge is not to the county, but directly to the person or persons injured, and it exists whether he has given bond and security or not. In case the ordinary has neglected his duty in respect to taking bond and security, the county is also liable. The contractor may be liable and the county not; but the county is never liable unless the contractor is. The first step, therefore, in making a case for recovery against the county is, after proving the injury, to show that it is an injury for which the contractor is liable; the next step is to show that the ordinary has failed to take from him the bond and security which ought to have been taken. These two steps will fix liability upon the county, and nothing else will. The Code makes the county stand as surety for the contractor if there has been official neglect to exact other security; but the substituted surety stands bound no longer than the primary and proper security would have been bound if the official neglect had not occurred. In 59 *Ga.,* 832, the injury happened after seven years from the completion of the bridge had expired, and there was no evidence of any undertaking by the contractor which made it his duty to keep up or repair the structure through a longer period than seven years; for this reason, there was,

on the part of the plaintiff in that case, a failure to take the first step above indicated, and consequently the action, as I then thought and still think, was not maintainable. In the present case, there is a failure in both steps, and I have not the slightest doubt that the law is with the county, and that the judgment ought to be reversed. Code, §§670, 671, 690, 6'11; 41 *Ga.*, 225. The theory that the various counties have been made liable by the Code for injuries sustained on defective bridges generally, as well as in the instances expressly enumerated in sections 669 and 691, seems to me quite untenable. Freeholders of Sussex *vs.* Strader, 18 N. J. Law (3 Harrison), 108. Fortunately, the constitution of 1877 will, as to injuries sustained after its adoption, protect the tax-payers against all pecuniary consequences of any misconstruction of the Code, for the payment of damages is not among the objects for which county taxes may be assessed and collected.