## THE HUMBOLDT.

(District Court, D. Washington, N. D.  November 7, 1899.)

CARRIERS OF PASSENGERS—LIABILITY FOR LOSS OF BAGGAGE—STEAMSHIP COMPANIES.

A passenger steamship company is not liable as an innkeeper, and under the general rule applicable to carriers it is not liable for the loss of a passenger's baggage, where the loss is not occasioned by some particular breach of duty or negligence on the part of its servants, unless the baggage has been delivered to and taken into the exclusive custody of its officers or servants.

This is a suit by a passenger on the steamship Humboldt to recover damages for the loss of his valise and its contents while traveling on said steamer. Heard on exceptions to the libel. Exceptions sustained.

W. F. Hays, for libelant.
Charles F. Munday, for claimant.

HANFORD, District Judge. The libelant, having paid for a ticket which entitled him to transportation from Seattle to Skagway, and the use of a state room and meals while en route, went on board just before the time appointed for the voyage to begin, and placed his valise within the state room assigned to him, and it was stolen therefrom. The libel does not charge any special act of negligence on the part of the carrier, nor that the custody of the valise was surrendered by the libelant to the officers or servants of the vessel. The rule seems to be well settled that, in general, a carrier is not liable for the loss of a passenger's baggage, where the loss is not occasioned by some particular breach of duty or negligence on the part of the carrier's servants, unless the baggage has been delivered to and taken into the exclusive custody of the carrier's servants; but it is held by respectable authorities that, where the carrier is a steamship company, the liability of an innkeeper is assumed by its contract with passengers who pay for rooms and meals as well as for transportation. I find, however, that the latest decisions of the American courts, and the preponderance in weight of authorities and reason, is against this exception to the general rule. A steamship company is not permitted to choose whom it will serve, but must afford accommodations to all who pay fare. A passenger ship is necessarily accessible to all classes of travelers, and is so far a public place that it is unreasonable to impose upon the owners the burden of liability for thefts of the private baggage of passengers, unless the baggage has been delivered to and left in the exclusive control of the carrier's officers or servants. The R. E. Lee, Fed. Cas. No. 11,690; 3 Am. & Eng. Enc. Law (2d Ed.) 547–552, note 3. In my opinion, the facts alleged are not sufficient to create a legal liability either by contract or by the commission of a tort. Exceptions sustained.