## HARRIS COUNTY *v.* BRADY.

FISH, J.   1. Whenever a county is by statute made liable for a given demand, an action against it will lie therefor, though the statute does not in express terms authorize or provide for the bringing of such an action.   *Mackey* v. *Ordi-- naries*, 59 *Ga.* 832 ; *Davis* v. *Horne*, 64 *Ga.* 69 ; *Smith* v. *Floyd County*, 85 *Ga.* 420.   See also *Scales* v. *Ordinary*, 41 *Ga.* 225 ; *Hammond* v. *County of Richmond*, 72 *Ga.* 188.

2. An action upon an account against a county is not open to general demurrer if any one or more of the items of such account constitutes a lawful demand against the county.   *Mayor of Athens* v. *Smith*, 111 *Ga.* 870.   See also *Higginbotham* v. *Conway*, 113 *Ga.* 1155.

3. One of the items of the account sued on in the present case was for the expenses of the arresting officer in carrying the prisoner to the county where the alleged offense was committed, and such county was liable, at least, for these expenses (Penal Code, § 898), and therefore liable to suit.

4. Points not properly made by special demurrer as they should be will not, though argued here, be considered or passed upon.

5. As no evidence was brought up in the record, it does not appear that the court erred in directing the verdict to which exception was taken.

   *Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, —Decided June 11, 1902.

Complaint.   Before Judge Butt.   Harris superior court.   October 14, 1901.

A warrant issued from a justice's court of Harris county, for the arrest of one Shorter.   He was arrested in Troup county, and turned over to Brady, the sheriff thereof.   When so delivered he had been shot and so severely wounded as to render it impossible to carry him to Harris county on the following day without greatly endangering his life.   Brady procured for him the necessary and proper medical assistance, kept him and had him treated and nursed until he had sufficiently recovered to be carried to Harris county, and then delivered him to the sheriff thereof.   Brady presented to the commissioners of Harris county his claim on account of the foregoing services, payment was refused, and he sued the county therefor.   The defendant demurred generally, and the demurrer was overruled.   Exceptions were taken to this ruling, and to the direction of a verdict for the plaintiff.   The items of the account sued on were, for keeping Shorter 44 days at 30 cents per day; turnkeys, receiving and discharging; railroad fare from one county to the other; one day's service by the sheriff; dinner at Hamilton; and bills for physician and for medicines.

*B. H. Walton, J. R. Terrell,* and *J. B. Burnside,* for plaintiff in error.   *Harwell & Lovejoy,* contra.