## 13062. PAYNE, agent, v. WILSON.

A recovery for the loss of the passenger's suit-case, which the conductor removed from where she placed it to another part of the passenger-car, was not unauthorzied; and the court did not err in overruling the certiorari.

DECIDED MARCH 8, 1922.

Certiorari; from Effingham superior court — Judge Sheppard. October 18, 1921.

For loss of a passenger's suit-case which she had with her in a railroad-car, this action was brought in the city court of Springfield against the Federal director-general of railroads. The verdict

was for the plaintiff. Certiorari was sued out, on the ground that the court erred in not granting a nonsuit, and that the evidence did not authorize the verdict; the certiorari was overruled and the defendant excepted. The motion for a nonsuit was on the ground that the plaintiff had "failed to prove a conversion by the defendant of the articles alleged to have been lost, and failed to show negligence on the part of defendant, causing the loss of the articles."

From the evidence it appeared that the conductor of the train moved the suit-case from where the plaintiff had put it in the passenger-car, and that it could not afterwards be found. She testified, that she purchased a ticket and boarded the train at Egypt, intending to go to Savannah; also: "When I went into the coach it was filled and I could not get a seat at first. I got a seat before reaching the next station. I had the suit-case when I took my seat. I sat it right at the end of the seat, but did not block the aisle. Conductor Bridges came in and took the suit-case and said he would take charge of it, and before I could object he was gone with it. . . I first inquired of the conductor about my suit-case immediately after the train passed Guyton. I was seated in the front end of the coach, riding backward, and my suit-case was in the front end. I looked for the suit-case right after he told me it was back there where he put it, but it was not there. I know it was not there, because I made examination. There was a large number of suit-cases there next to the water-cooler. I kept inquiring about my suit-case, because I didn't feel that it was safe and intended keeping it with me. I did not see persons constantly going through, getting suit-cases and getting off the train. I told conductor Bridges, approaching Pineora, that I could not locate my suit-case and he replied that it was where he put it. He said I didn't know my own suit-case, and that he had no right to take it and that he had no use for it. . . The conductor did not move a suit-case for me to sit down. There was no passenger in the seat with me. I had the seat all to myself. . . I do not know what became of my suit-case. I did not see any one take it off the train." Testimony substantially to the same effect was given by a passenger who, it was testified, sat facing her, with his daughter. He testified: "She put her suit-case in the aisle just beside us. . . When we reached Savannah I waited until others got off with their baggage, thinking I might help the

lady find it, or at least that we might find one suit-case unclaimed and in that way could trace what became of it. When we reached Savannah all suit-cases were claimed, and none was left. . . There was a wall just next the seat of Miss Wilson [plaintiff], and, as I recall, the conductor took the suit-case and carried it behind this wall or partition, where there were several other suit-cases. . . There was no room for the suit-case in the seat occupied by Miss Wilson." It was testified that the suit-case contained the articles enumerated in the petition, consisting of wearing apparel, toilet articles, a gold watch, and a pocket-book, and that they were of the values alleged, making a total of $348.50.

The conductor testified: "This young lady had a suit-case which she placed in the aisle of the coach. I moved some cases from the aisle and from seats, and placed them right next to the water cooler. This young lady was sitting on the seat next to the partition which cuts the water cooler from the coach, and when she boarded the train it was necessary for me to remove the suit-case of a passenger from the seat in order for her to have a place to sit, and after I removed the suit-case from the aisle and placed it next to the water cooler it was not over a foot from her seat. She was sitting with her back against the partition. . . She never made any complaint at the time I removed the suit-case, but did make complaint when she missed it." The verdict was for $307.20.

*Clarence T. Guyton,* for plaintiff in error, cited: Civil Code (1910), § 2731; 10 C. J. 272, sec. 390.

*D. H. Clark, J. W. Usher,* contra, cited: Park's Ann. Code, § 2731; 1 *Ga. App.* 768; 8 *Ga. App.* 295; 110 *Ga.* 665, 676-7; 12 *Ga.* 217.

LUKE, J. Upon the petition for certiorari and the answer thereto, it was not error for the court to overrule the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*