18674. HUMPHREY *v.* MERCHANTS & MINERS
TRANSPORTATION CO.

Decided September 1, 1928.

*Frederick A. Tuten,* for plaintiff.
*Adams, Adams & Douglas,* for defendant.

Bell, J.   To a suit by J. C. Humphrey Jr. against Merchant
and Miners Transportation Company the defendant filed general
and special demurrers.   The court sustained the general demurrer
and dismissed the petition, not passing upon the special demurrers,
and the plaintiff excepted.

The plaintiff in his petition made the following case :   On August
18, 1927, the plaintiff became a passenger upon the "Alleghaney,"
"a passenger boat" used by the defendant for the carriage of pas-
sengers between Savannah and Baltimore and other points. The
plaintiff was assigned to and occupied Stateroom No. 35. On August
19 the plaintiff "retired for the night, removing his clothing, and
laying it on the bed or across the chair in said room, closing the
door to said room. Next morning he awoke and found his door to
said room open, his money, $18, which was in his pocket, gone, his
watch worth $40, and watch chain worth $5, and a bill folder with
$10 in bills and other valuables gone."   The plaintiff made com-
plaint of his loss to the company's agent both at Baltimore and at
Savannah, but was in each instance informed that the defendant
was not liable.

The petition charged that the defendant was negligent in certain

particulars, and specified, among other things, that it was negligent in not keeping a night watch and in permitting the petitioner's stateroom to be entered and his property taken therefrom, and in not furnishing the petitioner with a safe and secure stateroom into which robbers and thieves were not allowed or permitted to enter. The plaintiff claimed to have been damaged in the sum of $1,000, but all of this except $73, representing his actual pecuniary loss, was for humiliation and embarrassment.

The test of the sufficiency of a petition is whether the defendant can admit all of the allegations thereof and escape liability. *Citizens Bank* v. *Union Warehouse Co.*, 157 *Ga.* 434 (9), 454 (122 S. E. 327). Whether the defendant, as to the plaintiff's personal effects referred to in the petition as having been lost, should be held to the same degree of responsibility as is imposed upon an innkeeper, or should be dealt with as a common carrier, are questions which we need not decide in the present case. Upon a reasonable construction of the petition, it is apparent that the pleader intended to allege that during the night, while the plaintiff was asleep, the property was stolen from his stateroom, the door of which was closed but not locked. Whether the defendant be treated as an innkeeper or as a common carrier of goods, it would at least be responsible to the plaintiff for the loss of such articles as the passenger might be reasonably expected to carry on his person, where the loss occurred as a result of the defendant's negligence. Compare *Pullman Palace Car Co.* v. *Martin,* 95 *Ga.* 314 (95 S. E. 314, 22 S. E. 700, 29 L. R. A. 498). Under the rule laid down by the courts of New York, the owner of a steamship is responsible for the personal baggage of a passenger, except where the loss thereof is caused by the act of God or the public enemies. Hart *v.* North German Lloyd S. S. Co., 108 App. Div. 279 (95 N. Y. Supp. 733). The weight of authority, however, appears to be different, and in most States where the question has been decided it is held that unless the baggage has been delivered into the exclusive control of the carrier's officers or agents it is not liable, unless the loss was due to the carrier's negligence. 3 Hutchinson on Carriers (3d ed.), 1509-1514; 5 R. C. L. 176-186; 36 Cyc. 344; The R. E. Lee, 20 Fed. Cas. 519, 2 Abb. (U. S.) 49; Cohen *v.* Frost, 2 Duer (N. Y.), 335; Clark *v.* Burns, 118 Mass. 275 (19 Am. R. 456); Abbott *v.* William Bradstreet, 55 Me. 530; The Humboldt, 97 Fed. 656; Crystal Palace *v.* Vanderpool, 55 Ky. (16 B. Mon.) 302; American Steamship Co. *v.* Bryan,

83 Pa. 446. The determination of the true relationship and the question of liability in cases of this sort has apparently given trouble to many judges. See discussions in McKee v. Owen, 15 Mich. 115, in which the Justices were evenly divided and the judgment of the lower court was affirmed by operation of law. But since the petition in the present case contained allegations of negligence which were good and sufficient as against a general demurrer, there is no occasion here for an adjudication as to whether the defendant, as respects the articles lost, occupied toward the plaintiff the relation of an innkeeper, or of a common carrier of goods, or of an insurer in any capacity. In other words, since negligence on the part of the defendant has been duly alleged, it is unnecessary to decide whether the defendant could be held liable in the absence of such averment. See, in this connection, *Kates* v. *Pullman Co., 95 Ga.* 810 (23 S. E. 186) ; *Pullman Co.* v. *Hall,* 106 *Ga.* 765 (32 S. E. 923, 44 L. R. A. 790, 71 Am. St. R. 293) ; *Pullman Co.* v. *Green,* 128 *Ga.* 142 (57 S. E. 233, 119 Am. St. R. 368, 10 Ann. Cas. 893) ; *Payne* v. *Wilson,* 28 *Ga. App.* 351 (111 S. E. 582) ; *Atlantic Coast Line R. Co.* v. *Barksdale,* 32 *Ga. App.* 643 (124 S. E. 362) ; Civil Code (1910), §§ 2731, 3508, 3509, 3511, 3530. In support of the statement that the petition, as against general demurrer, sufficiently alleged negligence on the part of the defendant, see The Western States, 159 Fed. 354, affirming 151 Fed. 929; *Pullman Co.* v. *Schaffner,* 126 *Ga.* 609 (55 S. E. 933, 9 L. R. A. (N. S.) 407) ; *Kates* v. *Pullman Co.,* supra.

It was not necessary for the plaintiff to show in the first instance that he himself was not negligent, although if it affirmatively appeared from the petition that his loss was the result of his own fault the petition would, of course, be subject to general demurrer. However, the only act or omission of the plaintiff which could with any semblance of reason be charged as negligence was his failure to lock the door of his stateroom, this being a mere matter of inference; and, in the absence of notice of a rule of the defendant requiring him to lock the door, his failure to do so would not amount to negligence as a matter of law. *Bohler* v. *Owens,* 60 *Ga.* 185; *Murchison* v. *Sergent,* 69 *Ga.* 206 (3) (47 Am. R. 754).

The court did not err in holding that the petition failed to set forth any cause of action for humiliation and embarrassment, but did err in adjudging that it failed to show any right of recovery

for the loss of the plaintiff's money and effects as alleged. A complaint is not subject to general demurrer where it appears that the plaintiff is entitled to recover even a small part of the sum sued for. *Napier* v. *Union Cotton Mills,* 93 *Ga.* 587 (20 S. E. 80); *Harris County* v. *Brady,* 115 *Ga.* 767 (2) (42 S. E. 71).

The trial court having made no ruling upon the special demurrers, these are not for consideration by this court under the present writ of error. *Willingham* v. *Glover,* 28 *Ga. App.* 394 (2) (111 S. E. 206).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*