BONNER AND EDDY, RECEIVERS, v. CHARLES GRUMBACH.

No. 223.

1. **Liability of Carrier for Money of Passenger.** — Plaintiff, a passenger on a railway, entered the passenger coach, and the weather being warm, took off his coat and laid it across the back of his seat. In one of the pockets, in a pocket-book, was the sum of $240, the property of plaintiff. Near the end of the bridge crossing Galveston Bay the car was overturned, as alleged, through the gross carelessness of the company and its servants; plaintiff was thrown from his seat, and his coat thrown out of the coach. It was afterward found and returned to plaintiff, but the money was gone, and it is alleged that the money was lost to plaintiff without his fault or neglect. *Held*, the petition was good against a general demurrer.

2. **Same.**—While a carrier of passengers is not liable as an insurer of money or other baggage in the control of the passenger and lost during the trip, if such money or property be lost as the proximate consequence of the negligence of the carrier, he is responsible. The fact that the plaintiff took off his coat and placed it on his seat can not be considered as such negligence as would preclude him from recovering.

3. **When Negligence may be Inferred from the Happening of the Accident.**—While the mere happening of the accident to a passenger train does not necessarily make out a prima facie case of negligence in the carrier, it is nevertheless evidence to be considered by the court or jury in determining whether or not negligence existed. In many instances the mishap is of such a

nature as in itself, when unexplained, affords satisfactory proof of the fact. We think this is such a case.

4. Gross Negligence.—Plaintiff in this case was not required to show gross negligence.

5. **Duty of the Plaintiff — Efforts to Protect Himself Against Loss.**—When his coat was brought to him after the accident, he examined for his money, and found it and the pocket-book gone. He does not show that he made any effort to find it, nor that he notified the servants of the appellees that he had lost it, or in any way called on them to recover it for him. So far as the record shows, they knew nothing of the fact that he had lost or ever had the money. When the facts expose the plaintiff to the suspicion that he has negligently contributed to his loss, he must clear away such suspicion before he will be permitted to recover. He must at least give notice of his loss to the carrier in order that they may protect both him and themselves, if possible, by the recovery of the money.

APPEAL from Harris. Tried below before Hon. W. C. ANDERS, County Judge.

*Ford & McComb*, for appellants.— 1. A railway company is not liable to a passenger for money lost, while travelling as such passenger, from the pocket of his coat, which coat he had taken off and laid across the back of the seat occupied by him, under circumstances such as alleged by appellee. The allegation of negligence is insufficient, and petition is also for that reason defective. The claim for damages is too remote. 2 Red. Am. Ry. Cases, 24, note; 5 Am. and Eng. Encycl. of Law, 5, 6, notes 2, 1.

2. A passenger is guilty of contributory negligence who puts a large sum of money in the side pocket of his dress coat, and then takes the coat off and hangs it across the seat occupied by him in the railway coach; he should keep the money on his person. Appellee failed to exercise ordinary care in relation to his money, and thereby proximately contributed to his own injury and loss; he is therefore not entitled to recover. 4 Am. and Eng. Encycl. of Law, 21 (note 6), 22 (sec. 9 and note 1), 23 (sec. 10 and note 1); 2 Red. Am. Ry. Cases, 113, 114.

3. Where a plaintiff alleges that he has suffered loss or injury by reason of the negligence and carelessness of a railway company or its employes, the burden of proof to establish negligence as alleged is on the plaintiff; and unless he proves such negligence, he can not recover. Railway v. Suggs, 62 Texas, 324.

4. If appellee, after finding his money was not in his coat pocket, could or might have found the same and had it restored to him by the use of ordinary diligence, and if he failed to exercise such diligence to find and recover his money, he would not be entitled to recover in this suit. McAdoo v. Railway, 41 Am. and Eng. Ry. Cases, 530.

*Jones & Garnett*, for appellee.—1. The petition was good against the general demurrer. Const., art. 10, sec. 2; Rev. Stats., art. 277; Railway

v. Harris, 1 W. & W. C. C., sec. 1258; Thomp. on Carr. of Pass., 39, 42, 43, 183; 2 Rorer on Rys. and Pass., 948, sec. 1; Railway v. Suggs, 62 Texas, 323; Bowen v. Railway., 18 N. Y., 408; Railway v. Stingle, 2 Willson's C. C., sec. 706; Railway v. Ander, 2 Willson's C. C., sec. 203; Carpenter v. Railway, 124 N. Y., 53.

2. It was not negligence for plaintiff to pull off his coat, in the pocket of which, in a pocket-book, was his money, and hang or place the same on his seat in the car in his immediate presence, nor did this act contribute to the accident or in any way cause the loss of his said money and property. Railway v. Pollard, 2 Willson's C. C., sec. 484.

3. The negligence of plaintiff, to be a defense, must be contributory to the accident. Railway v. Van Horn, 33 N. J. L., 133; Railway v. Hurst, 36 Miss., 661.

WILLIAMS, Associate Justice. — No error was committed by the court below in overruling the general demurrer to the petition. While a carrier of passengers is not liable as an insurer of money or other baggage retained in the possession and control of the passenger and lost during the trip, he is bound to use proper care to prevent loss of or injury to it; and if such property or money be lost, as a proximate consequence of negligence of the carrier, he is responsible. 2 Rorer on Rys., 994, 995; Carpenter v. Railway 124 N. Y., 53.

The petition, sufficiently to meet a general demurrer, showed that the money was lost by reason of defendant's negligence, and expressly denied that any carelessness of the plaintiff contributed. The fact that plaintiff took off his coat and placed it on the seat occupied by him can not be considered such negligence as would preclude him from recovering. There might be losses of property to which such an act of a passenger would contribute in such a manner as to make him chargeable with contributory negligence. But it is not perceived that such would be the case under the facts here alleged. The money is charged to have been lost through the overturning of a coach into the water, brought about by negligence of the defendant. Plaintiff's act in riding with his coat off in no way helped to bring about that occurrence, which was the immediate cause of the loss. The petition showed that the loss of the money was caused directly and immediately by the fault of the company, through which the car was overturned, without the intervention of negligence of the plaintiff, or of any other cause. The damage claimed was not therefore too remote.

The other assignments of error go to the sufficiency of the evidence to sustain the judgment. Most of them present the questions above discussed in passing upon the petition, and what is there said is sufficient to dispose of all the points raised in appellants' brief, except those presented in the third and fourth assignments and the propositions based upon them.

The second proposition under the third assignment is, in substance, that appellee failed to sustain by proof his allegation that appellants were guilty of negligence. The only evidence on this point is, that while the train was on the bridge near the edge of Galveston Bay, the coach in which appellee was sitting was overturned into the water by some cause unknown to him. No effort was made on either side to explain the accident or to show what caused it.

We think the court was justified in inferring negligence from the nature of the occurrence and the place at which it took place. While the mere happening of an accident to a passenger train does not necessarily make out a prima facie case of negligence in the carrier, so as to authorize a court to so charge a jury, it is nevertheless evidence to be considered by the court or jury in determining whether or not negligence existed.

In many cases the mishap is of such a nature as, in itself, when unexplained, affords satisfactory proof of the facts. We think this is such a case. Railway v. Suggs, 62 Texas, 324.

We can not assent to the proposition of appellants, that their liability could only arise upon proof of gross negligence. See authorities above cited.

Under their fourth assignment appellants claim that appellee shows himself to have been guilty of negligence after the mishap occurred, in not making proper efforts to recover his money.

His is the only testimony in the case. He stated, that as soon as he had gotten out of the overturned coach, he called for his coat, and some one unknown to him brought it to him; that he immediately examined for his money, and both it and the pocket-book which contained it were gone, and that he had never since seen or heard of either. He does not show that he made any effort to find it, or any inquiry for it, nor that he notified the servants of appellant that he had lost it, or in any way called upon them to recover it for him. So far as the record shows, they knew nothing of the fact that he had lost or ever had the money. A plaintiff is not required ordinarily to assume the burden of showing that he has not been guilty of negligence; but when the facts which he states expose him to the suspicion that he negligently contributed to his loss, he must clear away such suspicion before he will be permitted to recover. We think the latter rule applies here. It is not probable that in the overturning of the car the money was destroyed. Its ownership was not changed; it remained the property of appellee. Notwithstanding the negligence of appellants, it was still his duty to act as a reasonably prudent person would ordinarily act under like circumstances, and if by so doing he could have prevented the final loss of his property, he ought not to recover. This principle, we think, would require that one situated as he was make such reasonable efforts to regain his property as the situation

allowed. Certainly it would require that he at least give notice of his loss to those whom he proposed to charge with responsibility, in order that they might protect both him and themselves, if possible, by recovery of the money.

If the circumstances were such that none of these things could have been done, or such as would have rendered ineffectual any efforts to find the money, that should have been shown. As the evidence stands it does not warrant the judgment rendered.

The judgment is reversed and the cause remanded.

*Reversed and remanded*

Delivered March 2, 1893.