## PULLMAN COMPANY *v.* GREEN.

1. It is the duty of a sleeping-car company to exercise reasonable care to guard the personal effects of a passenger from theft; and if, through the want of that care, such effects as a passenger may properly carry with him on his journey be stolen, the company will be liable therefor. The personal effects which a passenger may properly carry with him on a journey may include articles of personal adornment, such as jewels, and the like.

2. The evidence authorized the verdict. The charge excepted to was not erroneous for any reason assigned. The requests to charge, so far as legal and pertinent, were covered by the general charge. No sufficient reason appears for reversing the judgment refusing to grant a new trial.

Argued March 14,—Decided April 12, 1907.

Action for damages. Before Judge Felton. Bibb superior court. June 12, 1906.

The plaintiff sued the Pullman Company, alleging, in her petition, that the company operated what are known as sleeping-cars, and that she was a passenger on one of such cars operated by the company, having paid her fare for her berth and entertainment in the car from Baltimore, Md., to Macon, Ga.; that the company undertook, and were bound, to provide her with a berth, and to use reasonable care to see that the berth was properly guarded and that her personal effects and baggage were protected, from the time she became a passenger until she reached her destination; and that while she was such a passenger, through the negligence and the failure of the defendant in performing the undertaking and duty above referred to, her hand-bag and its contents

were stolen from her berth. The contents consisted of rings, eye-glasses, a watch, and other articles for personal adornment, and money; and the bag and its contents were of the aggregate value of $1,670. The rings, jewelry, etc., are described in the petition, and are alleged to be articles of personal adornment and utility, usually and ordinarily worn by the plaintiff, and which she had simply taken off for the night and placed in her hand-bag. It is alleged, that on the morning of a named date, while she was still a passenger, she left her berth and went to the toilet-room to make her morning toilet, leaving the hand-bag and its contents in the berth, under the pillow, where they had been placed during the night; that after reaching the toilet-room it occurred to her that she had left her hand-bag and jewelry in her berth, and, before completing her toilet, she returned to the berth to get them, and found that the porter was making up the berth, and that the hand-bag and its contents had been stolen, or were missing; and she has never recovered any part of the same or been paid therefor. She lays damages in the amount above stated, and prays for a judgment. By amendment it was alleged, that the defendant did not properly watch and guard the car so as to prevent the theft, and, by failure to keep proper watch over the berth of the plaintiff, and the failure to properly guard and preserve her effects contained therein, they were stolen by some one unknown to her. The defendant filed a demurrer, upon several grounds, but at the hearing abandoned all the grounds except the one setting up that the petition set forth no cause of action, and another, that the petition did not set forth with sufficient distinctness the particulars in which the agents of defendant were negligent, and what agents and employees were so negligent. The demurrer was overruled. The trial resulted in a verdict in favor of the plaintiff, for the amount sued for. The defendant's motion for a new trial was overruled. It excepted to the overruling of its demurrer, and to the refusal of a new trial.

  *Joseph H. Hall* and *Dorsey, Brewster, Howell & Heyman,* for plaintiff in error, cited: 106 *Ga.* 765; 120 *Ga.* 479; 70 *Ga.* 449; Civil Code, §2922; 55 Mo. App. 474; 1 Sheld. (N. Y.) 457, s. c. 16 Abb. Pr. R. (N. S.) 352; 143 Mass. 243; 118 Mass. 275; 125 Mass. 54; 124 N. Y. 53; 69 Tex. 120 (5 Am. St. 31); 43 N. E. 20; 44 N. E. 1010.

*Claud Estes,* contra, cited: Ga. R. 92/161-164; 94/787; 95/810; 101/733; 106/772; 115/938; 126/609; Civil Code, §5048.

COBB, P. J. (After stating the facts.) It is the duty of a sleeping-car company to exercise reasonable care to guard the personal property of the passenger from theft; and if, through the want of such care, his personal effects, or some of them, are stolen, the company would be liable for such of the stolen valuables as the passenger might reasonably be expected to carry with him on his journey. This is the rule of liability as settled by the decisions of this court, and has been declared to be in accord with the weight of authority elsewhere. *Pullman Co.* v. *Schaffner,* 126 *Ga.* 612. See also *Pullman Palace Car Co.* v. *Martin,* 95 *Ga.* 314; *Kates* v. *Pullman Palace Car Co.,* 95 *Ga.* 810; *Pullman Palace Car Co.* v. *Harvey,* 101 *Ga.* 733. In all of the cases cited, the loss occurred while the passenger was asleep. In *Pullman Palace Car Co.* v. *Hall,* 106 *Ga.* 765, the loss occurred in the daytime and while the passenger was not asleep. That was a peculiar case. The baggage was stolen by a thief who was on the outside of the car, standing on a rod underneath the car, and reaching through the window and taking the valise from the seat. At that time the car was in motion, going at a rate of five or six miles an hour, through the railroad yard adjacent to a city; the rear door was securely locked, and the conductor and the porter were guarding the front door. Under these circumstances it was held, by a majority of the court, that the evidence did not authorize a finding that the company had been lacking in the exercise of reasonable care; that the occurrence was so unusual and peculiar that it could not have been reasonably foreseen and guarded against. Mr. Justice Lewis dissented, being of the opinion that the evidence was sufficient to sustain a verdict holding the company liable. The rule above referred to was recognized by all the Justices; the only difference being as to its application to the peculiar facts of that case.

The liability of the company for a loss occurring during the night, when the passenger is asleep, has been rested upon the proposition that the company invites the passenger to sleep, and therefore owes him the duty of reasonable care to protect his personal effects while he is asleep. There is generally in such cars a toilet-room, which the company invites the passenger to use when

he rises in the morning. When the invitation of the company is accepted, the duty to guard his personal effects left in his berth, while he is absent therefrom, is founded upon a similar reason to that which requires a guard to be maintained while he is asleep during the night. He can not guard his effects himself while he is asleep; neither can he guard his effects in his berth during the morning when he is necessarily absent therefrom for the purpose of making his toilet in a place set apart by the company for that purpose. In *Kates* v. *Pullman Co.,* supra, it was held, that proper diligence of the sleeping-car company towards its patrons involves the exercise of reasonable care to secure the safety of the passenger's property while on its cars, and, upon his leaving it, a restitution of the property to its owner when ascertained; and that where such property is left, or dropped, in such place, under such circumstances as that by the exercise of ordinary care it ought to have been found by them, the company will be liable for its value. If the company owes to a passenger the duty of ordinary care to find property left by him in the car when he disembarks from the car, it would seem that there can be no question that the company owes him a duty to protect such valuables as may be in the berth of the car when he leaves the berth upon the invitation of the company, to be temporarily absent for a proper purpose, such as the purpose for which the plaintiff left her berth in the present case. It was contended that there was nothing to put the company on notice that the plaintiff would leave her valuables in the berth. There was nothing in the *Kates* case to put the company on notice that Kates would leave his money in the car when he disembarked therefrom. The company is on notice that each passenger will carry such articles of personal apparel and adornment as are usual in the station of life to which the passenger belongs, and as are appropriate to a journey. It is also put on notice that articles of personal apparel and adornment will be taken from the person during the night and will not be restored until the toilet is made the following day. This is sufficient as a notice to require the company to use reasonable care to guard such effects of the passenger during the time that they will not be in his immediate control and in his actual custody. The declaration set forth a cause of action, and was sufficiently specific to put the company

10

on notice of the character of the demand that it was called upon to defend.

2. The motion for a new trial contained numerous special assignments of error. The extracts from the charge, excepted to, were not erroneous for any of the reasons assigned. The requests to charge, so far as legal and pertinent, were covered by the general charge, which fairly submitted every material issue to the jury. It only remains to consider the general grounds of the motion. The evidence authorized a finding that the plaintiff had lost the articles described in the petition, and that they were of the value therein alleged. It is said, though, that the plaintiff should not recover, for the reason that the evidence required a finding that the loss of the articles was the direct result of her own negligence in leaving them in the berth when she went to the toilet-room. The character of the business that the sleeping-car company is engaged in is such that it is necessarily charged with notice that when a passenger rises from his berth in the morning, articles of apparel and adornment that will be upon his person during the daytime may be left in the berth, either intentionally or inadvertently, while the passenger is making his toilet; and at such time it is the duty of the company to take such precautions as are necessary to protect the passenger from loss by theft. It can not be said, as a matter of law, that a passenger who leaves in his berth articles of apparel or adornment during the time that he is making his toilet in the morning is guilty of such contributory negligence as will defeat a recovery for their loss. Whether so leaving them would, in a given case, be such negligence as would defeat a recovery would be a subject for decision by a jury, under all of the circumstances of the particular case. We are aware that in other jurisdictions it has been held that to so leave jewels and other articles of personal adornment in the berth would be such contributory negligence as would defeat a recovery; but in this State, where the question of negligence is one peculiarly for the solution of a jury, such rulings can not be followed. The evidence authorized the verdict, and we see no reason for reversing the judgment.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*