MISSOURI, K. & T. RY. CO. v. KIRK-PATRICK.

(Court of Civil Appeals of Texas. Dallas. March 28, 1914.)

1. CARRIERS (§ 401*)—BAGGAGE—PERSONAL EFFECTS.

Railroad companies are not insurers of baggage not checked but carried by and retained in the control of passengers upon the cars; the carrier being liable in such case only when the loss is caused by its negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1529; Dec. Dig. § 401.*]

2. CARRIERS (§ 408*)—BAGGAGE—LOSS—BURDEN OF PROOF.

The burden is on a passenger to show that personal effects taken by him into the coach and not checked as baggage were lost by the carrier's negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

3. CARRIERS (§ 403*)—BAGGAGE—LOSS—CONTRIBUTORY NEGLIGENCE.

A passenger who, on inquiry, was told by trainmen that the car in which he left his baggage would go on through and not be switched off, was justified in relying upon the correctness of such information and in assuming that it would not be switched off so as to endanger losing his baggage in such car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1536, 1537; Dec. Dig. § 403.*]

4. CARRIERS (§ 397½*)—BAGGAGE—NEGLIGENCE.

Trainmen were negligent in informing a passenger that a car attached to the train, in which the passenger's baggage was, would go on through with the train, when as a matter of fact the car was switched onto another line and the baggage was lost.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1519–1528; Dec. Dig. § 397½.*]

5. CARRIERS (§ 408*)—LOSS OF BAGGAGE—VALUE.

In determining the value of a railroad passenger's wearing apparel at the time of its loss, its cost and the extent of its use and its condition at the time of its loss may all be considered.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

6. APPEAL AND ERROR (§ 1171*)—HARMLESS ERROR.

The maxim, "De minimis non curat lex," is applicable to the allowance of $2.50 excessive damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171.*]

Appeal from Hill County Court; J. D. Stephenson, Judge.

Action by A. L. Kirkpatrick against the Missouri, Kansas & Texas Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Spell & Sanford, of Waco, for appellant. Morrow & Morrow, of Hillsboro, for appellee.

RASBURY, J. Appellee sued appellant, alleging that while a passenger upon appellant's train en route from Hillsboro to Houston he lost and afterwards failed to recover certain personal effects and wearing apparel of the value of $300, for which he sought judgment, as the result of the negligent misinformation of appellant's servants in charge of the train. To the charge of negligence appellant tendered the general issue. There was trial before the judge, who assessed appellee's damages at $207, followed by judgment therefor.

The essential facts developed on trial are, in substance, that appellee boarded appellant's train at Hillsboro in the forenoon of the day on which his baggage was lost for the purpose of going to Houston, taking with him into the car three suit cases containing his baggage. He entered a chair car, depositing his baggage therein. Before reaching Granger, a station on appellant's railway, south of Hillsboro, appellee, in order to indulge in a cigar, left the chair car, wherein smoking was not permitted, and entered the one ahead for that purpose, placing his baggage in the chair which he had occupied. About the time the train arrived at Granger, where appellant's railway branches, the train auditor passed through the coach occupied by appellee, took up appellee's ticket or hat check, and announced the train would go through to Houston. Appellee repeated the statement to the auditor for confirmation of his understanding, when the auditor again repeated the announcement that the train would go through to Houston. Appellee remained in the smoking coach for a while, when he disembarked therefrom to the station, and when he did so observed that the chair car containing his baggage was not to be seen. Inquiry developed that it had been attached to another train made up at Granger and had departed on its way to San Antonio via Austin. Sometimes, depending upon the amount of traffic, it was shown that the conductor of the Houston train, after arriving at Granger, is directed to carry the Houston chair car on to San Antonio, though the conductor says it was not done at the time stated by appellee. Appellee says, when he discovered the chair car containing his baggage was gone, he called on appellant's telegraph operator at Granger at once and requested him to wire the situation to the train authorities, which he promised to do. The operator denies that appellee called upon him at all. Continuing his journey to Houston, appellee reported his loss the next morning to appellant's servants, who promised to investigate the matter. This was done, but the baggage was never recovered. Appellee testified concerning the articles contained in his cases and their value, one branch of which will be referred to later.

It is urged by appellant that the testimony is insufficient to sustain the court's finding that it was guilty of actionable negligence. [1, 2] In determining that issue it is necessary to bear in mind that, as distinguished from checked baggage, railroads are not ordinarily in case of loss, insurers of baggage

carried upon cars by passengers and who reserve the control and possession of same during their journey. Mr. Hutchinson states the general rule in the United States to be that, if the passenger retain in his custody any part of his baggage to the exclusion of the carrier's control over it, the latter can be held liable for its loss only when the loss of it has been due to its negligence. Hutch. Carriers (3d Ed.) vol. 3, § 1264, p. 1505. And the burden of proof is upon the passenger to show that the loss or damage was in fact the result of the carrier's negligence. By another safe authority it is said that passengers incidental to the right to transportation which they have purchased have the further right to carry with them a reasonable quantity of personal baggage appropriate to the journey; and that the carrier's duty with reference to such effects, although retained in the passenger's possession and control, is to exercise reasonable care to protect them from loss or injury. By such rule it is said carriers are not insurers of the safety of the baggage, but liable for loss or injury thereto resulting from the carrier's negligence. 6 Cyc. 661. Such is the rule of decision in this state. In Pullman Co. v. Pollock, 69 Tex. 120, 5 S. W. 814, 5 Am. St. Rep. 31, it is said: "If passengers by railway train retain the exclusive custody of their baggage, then the carrier is not responsible for its loss, unless this results from the carrier's negligence, and the failure of a passenger to use reasonable care in reference to it will defeat his right to recover." In Bonner et al. v. Grumbach, 2 Tex. Civ. App. 482, 21 S. W. 1010, it is said: "While a carrier of passengers is not liable as an insurer of money or other baggage retained in the possession and control of the passenger, and lost during the trip, he (it) is bound to use proper care to prevent loss of, or injury to, it, and if such property or money be lost, as the proximate consequence of negligence of the carrier, he (it) is responsible."

[3, 4] The rule being as we have stated it, it only remains to determine whether any act of negligence was proven on trial, which will support the judge's finding, for, if the evidence raised the question of negligence, it then became a question of fact for the determination of the trial judge. It is undisputed that appellee inquired of appellant's servants, in effect, whether the car in which he had left his baggage would go through to Houston and was informed that it would. As matter of fact, it was detached and sent over its branch line to San Antonio. We think appellee was justified upon receipt of such information in relying upon its correctness, and had the right to assume that the car containing his baggage would not be detached, but continue on to Houston, and that appellant was negligent in the exercise of reasonable care in misinforming appellee of the intention of appellant's servants to detach the car containing his baggage. The misinformation, it seems to us, is sufficient to support the judgment, since same appears to have been the direct and proximate cause of the loss of appellee's baggage.

[5] It is also contended under appropriate assignments of error that the judgment is excessive, for the reason that in order to allow appellee the amount the court did allow it was necessary for the court to value some of the wearing apparel and other effects of appellee, which had been worn and in use for some time, at their original purchase price or value. In submitting to juries the issue of the value of wearing apparel, etc., it has been repeatedly held that the measure of damages is the difference in the actual value thereof just prior to the loss or injury and the actual value thereof just subsequent thereto, and that the proper method of arriving at the value at the time of loss or injury by said rule is to take into consideration the cost of the articles, the extent of their use, whether worn or out of date, and their condition at the time, etc. M. K. & T. Ry. Co. of Tex. v. Hailey, 156 S. W. 1119, and cases cited.

[6] Under the rule stated, the testimony supports the finding of the trial judge, except that, in fixing the value of one suit of clothes lost with his baggage, appellee stated its value on direct examination to be $25, while on cross-examination he stated it at $22.50; but we conclude nevertheless if the value stated on cross-examination is the one to be accepted as correct, and there are reasons why it should be, that to this discrepancy or contradiction there should be applied the maxim, "De minimus non curat lex."

The judgment is affirmed.