11272. HINES, director-general, *v.* MALONE.

SMITH, J. 1. "While the municipal court of Atlanta has jurisdiction of suits involving larger amounts than those formerly within the jurisdiction of the justice's courts, the procedure in the municipal court of Atlanta, so far as the necessity for pleadings is concerned, does not differ from that of the justice's courts." *Walker* v. *Cliff Drug Co.,* 23 *Ga. App.* 722 (2) (99 S. E. 392). The demurrer to the petition as amended was therefore properly overruled.

2. It appears that, just before the arrival of a passenger-train at the terminus in Atlanta, the porter of the parlor-car attached to the train proceeded, in pursuance of a general custom, to collect up and carry out the unchecked baggage of the occupants of the parlor-car, including on this occasion that of the plaintiff, for the purpose of depositing the baggage, immediately upon the car's arrival at its destination, out on the platform of the station, to be thereafter identified and claimed by the respective owners as they would alight from the car. No contention is made here that the servant was not acting within the scope of his employment. *Held:* An occupant and patron of a Pullman or parlor car has the right to assume that the company maintaining that service will exercise ordinary care in protecting his baggage, and in the performance of its duties will do no act which would subject the same to unreasonable or unnecessary hazard. *Pullman's Palace Car Co.* v. *Harvey,* 101 *Ga.* 733 (28 S. E. 989). Thus it became a question of fact, to be determined by the judge of the municipal court trying the case without a jury, as to whether or not the porter, the servant of the defendant company, was in the exercise of ordinary care in handling the baggage of the plaintiff, or whether he was negligent in this particular. This question of fact was determined against the defendant, and the judge of the superior court, on certiorari, sustained the finding of the trial magistrate; and therefore the judgment will not be interfered with by this court.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., concurs specially.*

DECIDED NOVEMBER 10, 1920.

Certiorari; from Fulton superior court — Judge Pendleton. December 18, 1919.

*Brewster, Howell & Heyman, Hugh Howell,* for plaintiff in error.

*Moore & Pomeroy, Coles & Savage,* contra.

JENKINS, P. J., concurring specially. I agree with the legal proposition stated in the majority opinion that "an occupant and patron of a Pullman or parlor car has the right to assume that the company maintaining that service will exercise ordinary care in protecting his baggage, and in the performance of its duties will do no act which would subject the same to unreasonable or unnecessary hazard." However, in this case the evidence seems unmistakably to show both that the plaintiff consented to his baggage being taken out by the porter for the purpose indicated, and that the plaintiff (a traveling salesman) fully knew and understood the servant's purpose and intent in thus acting in accordance with the usual and general custom. Did not both of these facts appear, no difficulty would be presented in affirming the judgment of the court below. But the code expressly provides that "no person shall recover damage from a railway company for injury to . . property, where the same is done by his consent." Park's Code, § 2781; *Coweta County* v. *Central of Ga. R. Co.,* 4 *Ga. App.* 94, 99 (60 S. E. 1018). It follows that if the evidence completely and unmistakably exonerates the porter of the parlor car from the commission of any act of negligence and from the omission of any duty owing by him in the protection of the plaintiff's property, except his conduct in thus exposing the same to necessary, palpable, and unavoidable risk of being wrongfully or mistakenly carried away by some other occupant of the car, the company would not be liable for loss resulting solely from an act thoroughly understood and actually consented to by the owner himself.

This special concurrence is added to the opinion for the reason that it seems obvious to the writer that there might be cases where the occupants of the parlor car were so numerous that it would be utterly unreasonable to impose upon the porter the duty of identifying and matching baggage with passengers as each passenger would alight and proceed to select and claim his own. If the only shortcoming of the porter consists in a failure to perform an unreasonable, impracticable, and impossible task, actually and knowingly delegated to him by the owner, and if

after exercising his best efforts he fails in the performance of the impossible, then it would not seem that the patron should be permitted to complain of the natural and proximate consequences arising solely from an act to which he had both actually and knowingly consented. In the instant case, however, it appears that when the train reached Atlanta, there were in fact but eight passengers occupying the parlor car, and although it is true that the plaintiff actually and knowingly consented to his baggage being placed out on the platform in accordance with the usual custom, I do not feel willing to say as a matter of law that in this particular case the porter could not have prevented, by the exercise of proper diligence, the commission of any mistaken or wrongful act whereby the property became lost. While, as stated, there might be cases where this would be true, at best it would be most difficult to draw the line, as a matter of law, as to when the task, even though knowingly consented to, was such as was reasonably impossible of performance; and the most rational solution in this case, as in most cases, would be for the jury to say, according to the facts before it, whether there had been dereliction in a task which might reasonably have been performed. Although the plaintiff appears in this particular instance to have consented to his baggage being taken out, and though he appears to have fully understood the purpose and intent of the servant's act in so doing, and though the evidence seems unmistakably to exculpate the servant from any act of negligence save in his failure to prevent what was probably a mistaken act on the part of some other passenger, still, under the facts of this particular case, it was for the judge to say, sitting both as judge and jury, whether the loss could have been prevented by the exercise of proper diligence on the part of the servant; the question not being whether the porter was negligent in carrying out and depositing the baggage for the purpose indicated (since the plaintiff knowingly consented to this being done), but whether after doing so he could even then, under the facts of this particular case, have protected it from loss.