### 14863. ATLANTIC COAST LINE RAILROAD CO. v. BARKSDALE.

STEPHENS, J. 1. Loss of property after its delivery to another authorizes an inference that the loss was occasioned by negligence of the person receiving it; as where the handbag of a railway-passenger was lost after the passenger had delivered it to the conductor in charge of the train, for the purpose of its being taken by the conductor from the coach when the passenger was leaving the train at a station.

2. The railway company is under a duty to furnish to a passenger, through its servants in charge of its train, a safe and convenient means for alighting at the place of the passenger's destination. In this case the conductor in charge of the train, therefore, when taking possession of a passenger's handbag and carrying it out of the coach for the purpose of assisting the passenger to alight, was acting within the scope of his authority as agent of the railway company, and the company was, by this act of its agent, undertaking to perform such duty owing to the passenger; for negligence in the performance of which the railway company is liable to the passenger.

3. The duty placed upon the passenger by the requirements of the interstate-commerce commission to declare the value of baggage, and limiting the carrier's liability in case of loss to such declared valuation, applies only to baggage which the passenger has surrendered to the custody of the carrier for the purpose of being transported,—as when baggage is "checked,"—and does not apply to hand-baggage taken into the coach by the passenger and generally retained in the passenger's possession, but only temporarily placed in the custody of the train officials for the passenger's accommodation and convenience when entering or leaving the train. As to such hand-baggage there is therefore no duty resting upon the passenger to declare its value or the nature of its contents.

4. Applying the above rulings to this case, in which the railway company was sued in tort by one who was traveling as an interstate passenger, to recover for the alleged negligent loss of the passenger's handbag and its contents, which occurred in another State, after the passenger had delivered the handbag to the conductor in charge of the train, for the purpose of being carried by him from the coach for the passenger's convenience when alighting, the court had jurisdiction of the defendant, the petition set out a cause of action, and the evidence authorized the verdict found for the plaintiff for the value of the bag and its contents as personal baggage; and the court properly excluded from evidence the regulations of the interstate-commerce commission (set out below) limiting the carrier's liability for baggage, and also did not err in admitting evidence to the effect that the passenger, when delivering the handbag to the conductor, informed him that it contained valuable papers (the loss of which was not sued for), since this statement was part of the res gestæ and was harmless to the defendant.

5. See, in this connection, the following authorities: Hasbrouck v. New York Central & H. R. R. Co., 202 N. Y. 363 (95 N. E. 808, 35 L. R. A. (N. S.) 537, Ann. Cas. 1912D, 1150); *Hines* v. *Malone*, 25 *Ga. App.* 781 (105 S. E. 37); note in 19 L. R. A. (N. S.) 1011; Kinsley v. Lake Shore & Michigan Central R. Co., 125 Mass. 54 (28 Am. R. 200); Union

Pacific R. Co. v. Grace, 22 Wyo. 452 (143 Pac. 353, L. R. A. 1915B, 608); Missouri, K. & T. Ry. Co. v. Kirkpatrick, 165 S. W. 500; Bonner v. Grumbach, 2 Tex. Civ. App. 482 (21 S. W. 1010); Dibble v. Brown, 12 Ga. 217 (56 Am. D. 460); Pullman Co. v. Schaffner, 126 Ga. 609 (55 S. E. 933, 9 L. R. A. (N. S.) 407); Pullman Co. v. Green, 128 Ga. 142 (57 S. E. 233, 119 Am. St. R. 368, 10 Ann. Cas. 893); Atlantic Coast Line R. Co. v. Stephens, 11 Ga. App. 520 (75 S. E. 841).

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED SEPTEMBER 19, 1924.

Action for damages; from city court of Richmond county—Judge Black. July 23, 1923.

Application for certiorari was made to the Supreme Court.

The regulations referred to in paragraph 4 of the decision were as follows:

"Southeastern Baggage Tariff No. 9 Interstate Commerce Commission H-198, Rule 10, page 17: Baggage allowance. Subject to limitations in rules 4 and 9, one hundred and fifty pounds of baggage, not exceeding one hundred dollars in value, may be checked without additional charge, for each adult passenger, . . except that the liability of the carrier will be limited to the amount of the value declared by the passenger under rule 11, paragraph d. Rule 11, paragraph d, (viz.) Unless a greater sum is declared by the passenger and charges paid for excess value at time of delivery to carrier, the value of property belonging to, or checked for, a passenger, shall be deemed and agreed to be not in excess of the amount specified in this tariff in rules 5, 6, and 10, and the carriers issuing and participating in this tariff will not accept a claim for a greater sum in the case of loss or damage."

W. K. Miller, for plaintiff in error.

C. H. & R. S. Cohen, contra.