## Yancy STORY v. STATE.
### No. 13463.

Court of Criminal Appeals of Texas.
March 19, 1930.

W. W. Alcorn, of Fort Worth, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for theft of turkeys; punishment, a fine of $200, and confinement in the county jail for a period of 100 days.

We find in this record an affidavit made by appellant herein asking that he be allowed to withdraw his appeal. Appellant's motion is granted.

The appeal is dismissed.

## E. J. HARWICK, Plaintiff in Error, v. W. M. BITSKIE, Defendant in Error.
### No. 2419.

Court of Civil Appeals of Texas. El Paso.
March 20, 1930.

Leonard Brown, of San Antonio, for plaintiff in error.
W. C. Linden, of San Antonio, for defendant in error.

HIGGINS, J.

Plaintiff in error appeals from a personal judgment obtained against him by defendant in error.

Our conclusions disposing of the questions presented are as follows:

1. The petition is not subject to general demurrer. The count upon quantum meruit is of itself sufficient to state a cause of action.

2. The judgment is not one by default. The recitals in the judgment show it was rendered after hearing the evidence offered by defendant in error.

3. The evidence so offered is sufficient to support a judgment based upon quantum meruit.

4. The failure of the court to also render judgment in favor of defendant in error against F. C. Ruth, a codefendant of the plaintiff in error, presents no error of which the latter can complain.

5. The prayer of the petition is sufficient to support the award of interest; and, as to the error of $3 in the amount of the judgment, the maxim de minimis non curat lex should be and is applied. Missouri, K. & T. Ry. Co. v. Kirkpatrick (Tex. Civ. App.) 165 S. W. 500.

Affirmed.

## Warren HEATON, Appellant, v. J. W. BAGGETT, Appellee.
### No. 1940.

Court of Civil Appeals of Texas. Beaumont.
March 6, 1930.

D. R. Taylor, of Center, for appellant.
Sanders & McLeroy, of Center, for appellee.

WALKER, J.

This was a suit by appellee against appellant upon a promissory note for $750, with interest and attorney's fees, and to foreclose a chattel mortgage lien against certain personal property. Appellant answered by an unsworn plea of failure of consideration. The trial was to the court without a jury, and all testimony tendered by both parties was received without objection. Appellee clearly raised the issue in his favor of value paid for the note and mortgage, and the judgment of the trial court denying the defense of failure of consideration has abundant support in the evidence.

Affirmed.