SANTA FE TRAIL TRANSPORTATION CO. v. NEWLON.

No. 31814. June 19, 1945.

*159 P. 2d 713.*

Rainey, Flynn, Green & Anderson, of Oklahoma City, and Neal A. Sullivan, of Newkirk, for plaintiff in error.

Clyde L. Heltzel, of Newkirk, for defendant in error.

CORN, J. This is an appeal by the Santa Fe Trail Transportation Company, a corporation, hereinafter designated as defendant, from a judgment against it for the loss of a handbag and contents belonging to plaintiff.

The material facts are substantially as follows: The plaintiff, F. N. Newlon, on or about the 31st day of May, 1943, went to the defendant's passenger station in the city of Blackwell, and purchased a ticket to Wichita, Kans. She did not check her hand baggage because she wished to retain custody and dominion over the same during her journey, but when the bus arrived and she attempted to enter said bus with her hand baggage the driver, an employee and agent of the defendant, refused to allow her to take the said baggage with her, but required her to deposit the same with him, and when the plaintiff reached the station at Wichita, said baggage was not delivered to her, and has never been delivered to her.

A jury was waived and the cause tried to the court. The court found that the handbag, and its contents of the value of $150, was lost through the negligent acts of the bus driver or the red caps who were agents and employees of the defendant at Wichita.

The court also found that the "Baggage Tariff Act," which the defendant was operating under, thereby limiting its liability to loss of baggage, does not attach under the facts herein.

The defendant in its brief contends that under the provisions of the Interstate Commerce Act and of defendant's tariff in force and effect at the time herein involved, the amount of plaintiff's recovery for the loss of her baggage could not exceed the sum of $25, and the trial court erred in rendering judgment for a larger amount.

The foregoing is a single proposition which is urged as requiring the reversal of the judgment. The record contains the following stipulation:

"It is stipulated by and between the plaintiff and defendant that in all respects as provided by law the defendant had filed tariffs, rules and regulations covering defendant's business as a common carrier and the rates and charges for the transportation of passengers, baggage, freight and commodities with the Interstate Commerce Commission at Washington, D. C., among which were the tariffs known and described as the Local and Joint Baggage Tariff, No. 500-F and supplements thereto, which were in force and effect at the times herein involved, as provided by law. That said tariffs provided that the ordinary rate and fare for the transportation of passengers and baggage between Blackwell, Oklahoma, and Wichita, Kansas, was $1.45 with the tax of 15c required by law to be collected, making a total ordinary fare of $1.60, and said tariff also provided in Rules 8 and 9 thereof, as follows:

"Rule No. 8—Free Baggage Allowance.

"(a) Except as noted below and subject to limitations shown in Rules 5, 6, and 7, one hundred and fifty (150) pounds of baggage or property not exceeding Twenty-five ($25.00) Dollars in value, may be checked without additional charge for each adult passenger and seventy-five (75) pounds, not exceeding Twelve and 50/100 ($12.50) Dollars in value, for each child traveling on a half fare ticket. . . .

"9—Charges for Baggage of Excess Weight and/or Excess Value.

"Baggage or property which may be transported in regular baggage service, exceeding the free weight or value allowance as stated in Rule 8 will be charged for as excess baggage as follows: . . . .

"(c) EXCESS VALUE:—Unless a greater value is declared by a passenger and charges paid for excess value at time of delivery to carrier, the value of property belonging to, or checked for a passenger, shall be deemed and agreed to be not in excess of the amounts specified in Rule 8, and carriers parties to this tariff will not accept liability for a greater sum in case of loss or damage.

"(d) If passenger declares, according to the form prescribed by checking carrier, a greater value than specified in Rule No. 8, there will be a charge, at the rate of twenty-five cents (25c) for each additional one hundred Dollars ($100.00) valuation, or fraction thereof, total valuation not to exceed limitations in Rule No. 7, (see exception 1). The minimum charge for excess value will be ten cents (10c).

"(e) Charges for excess value must be prepaid and are separate and distinct from the charges for excess weight."

"And further that Rules 5, 6, and 7 of said tariffs do not affect the issues in this case."

In Union Wire Rope Corporation v. Atchison, T. & S. F. Ry. Co., 66 Fed. 2d 965, it was held:

"Since the tariff is written by the carrier, all ambiguities or reasonable doubts as to its meaning must be resolved against the carrier. Not only is this simply an application of the general rule as to construction of written contracts and instruments, but, when the place occupied by transportation and the situation of shippers are considered, it is particularly useful in application to tariffs. The construction should be that meaning which the words used might reasonably carry to the shippers to whom they are addressed."

See, also, Western Grain Co. v. St. Louis, San Francisco Ry. Co., 56 Fed. 2d 160 (C.C.A. Ala.); Atlantic Coast Line Ry. Co. v. Atlantic Bridge Co., 57 Fed. 2d 654 (C.C.A. Fla.); Burrus Mill & Elevator Co. of Okla. v. C., R. I. & P. Ry. Co., 131 Fed. 2d 532 (C.C.A. Okla.).

Rule 8 covers Free Baggage Allowance and deals with weight and value, and provides that baggage coming within the terms specified "May Be Checked." It is silent as to unchecked baggage which the passenger may rightfully retain in his possession. The defendant contends there is no liability on the carrier of such unchecked baggage when a passenger is permitted to exercise the right to retain it in his possession and cites authorities which so hold.

Rule 9 has, as its heading, "Charges for Baggage of Excess Weight and/or Excess Value." This section refers to baggage transported in "regular baggage service," and deals only with baggage transported in excess of the weight and values referred to in Rule 8. As heretofore set forth, Rule 8 deals only with checking baggage. Rule 9, and particularly subsection (c) thereof, deals only with checked baggage, with a weight or value in excess of that provided under Rule 8.

In Atlantic Coast Line Ry. Co. v. Barksdale, 32 Ga. App. 643, 124 S. E. 362, it was held in paragraphs 3 and 4 of the syllabus as follows:

"3. The duty placed upon the passenger by the requirements of the Interstate Commerce Commission to declare the value of baggage, and limiting the carrier's liability in case of loss to

such declared valuation, applies only to baggage which the passenger has surrendered to the custody of the carrier for the purpose of being transported, as when baggage is 'checked,' and does not apply to hand baggage taken into the coach by the passenger and generally retained in the passenger's possession, but only temporarily placed in the custody of the train officials for the passenger's accommodation and convenience when entering or leaving the train. As to such hand baggage there is therefore no duty resting upon the passenger to declare its value or the nature of its contents.

"4. Applying the above rulings to this case, in which the railway company was sued in tort by one, who was traveling as an interstate passenger, against the railway company to recover for the alleged negligent loss of the passenger's hand bag and its contents, which occurred in another state, after the passenger had delivered the hand bag to the conductor in charge of the train, for the purpose of being carried by him from the coach for the passenger's convenience when alighting, the court had jurisdiction of the defendant, the petition set out a cause of action, and the evidence authorized the verdict found for the plaintiff for the value of the bag and its contents as personal baggage, and the court properly excluded from the evidence the regulations of the Interstate Commerce Commission limiting the carrier's liability for baggage (set out below), and also did not err in admitting evidence to the effect that the passenger, when delivering the hand bag to the conductor, informed him that it contained valuable papers (the loss of which was not sued for), since this statement was part of the res gestae, and was harmless to the defendant."

The defendant stands upon the tariff to limit its liability to the sum of $25. We find no fault with the cases cited by the defendant covering checked baggage, but they are not applicable to the facts in this case. Defendant has not cited any cases where the tariff has been held applicable to unchecked baggage.

If the defendant desired the tariff to apply to unchecked baggage of a passenger, it was necessary to use clear and unambiguous language in its provisions. Having failed to so do, and having interfered with plaintiff's admitted right to take her hand baggage into the bus, and assumed exclusive control of her baggage, the defendant should be held liable.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.