## CENTRAL OF GEORGIA RAILWAY CO. *v.* DORSEY.

116  719
Case 2
f127  181
f128  438

1. Damages traceable in some measure to a tortious act, but resulting chiefly from other and contingent circumstances, and not the legal or natural consequence of the act, are too remote to be the basis of recovery against the wrongdoer.

2. It follows that where a female passenger on a railroad-train was carried beyond her station, and the train stopped near the next station, and the passenger walked at night and without escort through the town to the house of a friend in that town, she should not be allowed to show that she was frightened by hearing loud voices of negro men who were walking behind her, unless it is also made to appear that the locality was one in which such occasion for fright was likely to occur and that the railroad company had notice of this.

3. Where a continuous tort by a railroad company is commenced in one county and completed in another, the principal damage being done in the latter county, the courts of that county have jurisdiction of the cause of action

Argued November 20, — Decided December 11, 1902.

Action for damages.    Before W. A. Brown, judge pro hac vice. Henry superior court.    June 16, 1902.

*R. L. Berner* and *Hall & Cleveland,* for plaintiff in error.
*Lavender R. Ray, W. T. Dicken,* and *George W. Bryan,* contra.

SIMMONS, C. J.    It appears from the record that Mrs. Dorsey purchased a ticket of the Central of Georgia Railway Company at East Point, Georgia, one of its stations, for transportation to Lovejoy, Georgia, another of its stations,— a distance of about sixteen miles.    The conductor at East Point stood at the front end of the ladies' coach, and Mrs. Dorsey boarded the coach at the rear end. During the passage of the train between the two points, the conductor failed to discover Mrs. Dorsey, and she failed to call his attention to her presence on the train or to where her destination was.    The train was not stopped at Lovejoy for her to get off. After she discovered that she had passed her destination, she requested another passenger to find the conductor.    The fellow-passenger did so.    The conductor then stopped the train.    Before the stop was made the train had run a short distance beyond the station at Hampton, the station on the road which was next beyond Lovejoy.    The conductor assisted Mrs. Dorsey off and she undertook to walk to the house of a friend who resided in the town of Hampton.    In her testimony she said that she walked back to the station and there was no light there; she then went on along the road leading to her friend's house; on her way to the station she heard loud voices of people whom she supposed to be negroes, and after she left the station these negroes followed her, talking loudly ; she became very much frightened and alarmed on account of the voices of the negroes and their following her; at a cross-street she turned toward the house of her friend, and the negroes took another street.    This testimony as to her fright because of the voices of the negroes and their following her was objected to by defendant's counsel, and the objections overruled by the court.    The jury returned a verdict for the plaintiff.    The defendant moved for a new trial, and the admission of the evidence just referred to was made one of the grounds of the motion.    The court overruled the motion, and the movant excepted.

1, 2. This is the third time this case has been before this court (106 *Ga.* 826 ; 113 *Ga.* 564), but the last trial seems to have been

the first at which objection was made to the evidence as to the plaintiff's hearing the negroes following her and as to her consequent fright and the damages resulting to her therefrom. The principal objection made to this evidence was that it did not show such damages as could be recovered, because the damages sought to be proved were too remote and consequential in character. We think this objection well founded. Our Civil Code declares (§§ 3912, 3913): "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrong-doer." "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. But damages traceable to the act, but not its legal or material consequence, are too remote and contingent." The damages claimed by the plaintiff, as arising from her being frightened by the negroes' voices, were imaginary and contingent, and were not the legal or natural result of the tortious act of the defendant. It was not shown or intimated in the evidence that the defendant or its agents knew or had any reason to believe that there were any negroes at the station or in the vicinity, or that disorder was prevalent or common in the neighborhood, or that it was the custom of negroes to congregate there and talk in a boisterous manner. The defendant was not bound for anything which happened to Mrs. Dorsey, after she had left the train, which was not the natural and probable result of its putting her off at that place. It was no more bound to pay for her nervousness and fright occasioned by the voices of negroes than if she had claimed to have seen a ghost and been thereby frightened. Upon this question see Hopkins, Pers. Inj. § 14 et seq., where all of the decisions of this court upon the subject are collected. Under these decisions we are clear that the evidence was, in this case, inadmissible, and that the court erred in overruling the objections thereto. Defendant in error relied mainly upon decisions made in other States in regard to the question of proximate cause; but whatever may be the rule in those States, this court is bound by the sections of the code above quoted and by the decisions made thereunder. Of course we do not intend to hold that plaintiff is not entitled to recover for fatigue resulting from her walk to her friend's house and damages result-

ing therefrom. We do hold simply that she can not recover for damages resulting from the fright she so graphically described, arising from hearing the negroes' voices, when it does not appear that the locality was one in which such occasion for fright was likely to occur or that the defendant had any notice of this. What has been just said disposes of the question made by the motion for new trial in regard to the admission of evidence, and to the refusal to give in charge a request substantially embodying the law laid down in the first headnote.

3. It appears that the station at which the plaintiff expected to leave the train, and for which she had purchased a ticket, was in Clayton county, while the station near which she was put off was in Henry county, in which latter county the suit was brought. The defendant requested the court to charge the jury as follows: "A party must sue for a tort in the county where the tort is committed, and, under the facts of the case, the plaintiff can not recover for any damage for any tort that occurred in Clayton county. If Hampton is in Henry county, the plaintiff can not recover for being carried beyond Lovejoy, or for not putting her off at Lovejoy." In our opinion there was no error in refusing to give this charge. While under the plaintiff's theory it was a tort not to stop the train at Lovejoy, and this tort was committed in Clayton county, the carrying her on beyond Hampton made it all a continuous tort. We think plaintiff might have brought suit in either county. *Southern Ry. Co.* v. *O'Bryan*, 112 *Ga.* 127.

4. The question as to the remarks made by plaintiff's counsel and claimed by the defendant to have been improper is not likely to arise again, and no opinion is expressed thereon.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*