### 901. WARE *v.* THE STATE.

HILL, C. J. Neither crime nor venue is shown by the evidence.
*Judgment reversed.*

Accusation of cheating and swindling, from city court of Dalton
—Judge Longley. November 9, 1907.

Submitted January 14,—Decided January 27, 1908.

Lon Ware was prosecuted by Carter L. King. The accusation
alleged that he cheated and defrauded King of $3.90, by falsely
representing to King that he was receiving $2.50 per day for a
team he had at work for the City of Dalton; upon the belief of
which representation King let Ware have certain goods. The
evidence showed, that Ware had been a customer of King, but had
bought nothing of him for some time, and was indebted to him
about $3.50. King invited him to come back and trade, and on
the same day Ware bought a few cents worth of additional goods
and had them charged. Thereafter Ware went to King's store
and ordered of King's wife articles that amounted to $3.93. King
directed that they be not sent out until he saw Ware. He met
Ware on the next day, and told him that he would not send the
goods until he was sure of his pay for them, as Ware already
owed him. Ware then stated that he was working on the streets
for the city, had a team on the streets, was getting $2.50 per day,

and would give King "an order on his time," so he could get his money the next pay-day. King believed this statement, and acted on it by sending the goods. On the next day Ware told him he could not give an order on his time, because he was a partner with Louis Powell, and only got $1.25 per day, but would pay him when he collected it. He then offered to mortgage his horse to King for the debt; but King refused this. As soon as the next pay-day came, Ware carried $5 to King and told him he wanted to pay King $4 and keep $1. King agreed to this, and the payment was made. He swore out the warrant against Ware some time afterwards, hoping that Ware would pay off the debt. Nothing further appears as to what Ware was receiving from the city; and nothing as to venue. The accused excepted to the refusal of a new trial after conviction.

*C. D. & F. K. McCutchen,* for plaintiff in error.

*Sam P. Maddox, solicitor-general,* contra.