3567. ATLANTIC COAST LINE RAILROAD COMPANY *v.* STEPHENS.

RUSSELL, J. 1. It being alleged in the petition that the tort was committed in the State of Florida, and that the defendant railroad company was a foreign corporation, with an office and place of business in the county in which the suit was brought, there was no error in overruling the demurrer based upon the ground that the court did not have jurisdiction. *S., F. & W. Ry. Co.* v. *Evans,* 121 *Ga.* 391 (2) (49 S. E. 308). The statutory rule confining suits against railroad companies for torts to the county in which the cause of action arose does not apply to torts committed beyond the limits of the State by a non-resident railway company. *Cincinnati &c. Ry. Co.* v. *Pless,* 3 *Ga. App.* 400 (60 S. E. 8).

2. There are no facts in the record which take this case out of the general rule that damages are given as compensation for the injury done. The plaintiff was not entitled to recover substantial damages. According to the evidence, the agent of the defendant company, at Homosassa, Florida, sold to the plaintiff a ticket different from that which he requested, in that the plaintiff had asked for a ticket via the Georgia Southern & Florida Railway from Jacksonville, while the ticket sold him was routed over the Atlantic Coast Line Railroad from Jacksonville; and he boarded a train of the Georgia Southern & Florida Railway at Jacksonville, when, according to the ticket he had purchased, he should have boarded a train of the Atlantic Coast Line Railroad. According to the plaintiff's evidence, this latter mistake was due to the misdirection of a gatekeeper at the Jacksonville station, who, on looking at the plaintiff's ticket, pointed out a passenger-train of the Georgia Southern & Florida Railway and permitted him to enter it. The conductor of the train, upon the plaintiff's refusal to pay fare,

and after notifying him that the ticket presented by him was only good for passage over the Atlantic Coast Line Railroad, ejected him from the train. It does not appear, however, that the plaintiff was subjected to any humiliation or indignity. It is undisputed that he returned to Jacksonville without charge; that he had no expense for lodging or meals (these being paid for by the gatekeeper who made the mistake), and that, at an expense of $3.80 for railroad fare, he reached his destination at 2 o'clock p. m. on Sunday, when, if he had been sold the ticket he actually requested, he could not have reached his home earlier than 2 a. m. of the same day. The day of his return being Sunday, he lost no time from his business, and the evidence does not disclose that there was any exigency of a personal or domestic character demanding his earlier presence at his home. In view of these facts, a recovery of $400 can not be treated as nominal damages.

3. The plaintiff, having the right to elect the route he preferred to take, is entitled to recover the amount he expended for a ticket over the Georgia Southern & Florida Railway from Jacksonville to his home, regardless of the fact that he had been erroneously supplied with a ticket over a different route, which he could have used. The sum which may be disclosed by the evidence as necessary to comply with the original request of the plaintiff, that he be carried to his home over the Georgia Southern & Florida Railway, from Jacksonville, may be recovered by him in addition to such a sum (sufficient to carry the costs) as nominal damages as the jury may award in establishing and declaring the plaintiff's right to maintain his action for tort due to the carrier's breach of its public duty in not selling the plaintiff a ticket over the route that he had selected, if, upon another trial, the evidence satisfies the jury that there was a breach of this duty.

                    *Judgment reversed. Pottle, J., not presiding.*
                    DECIDED SEPTEMBER 27, 1912.

Action for damages; from city court of Tifton—Judge R. Eve. June 10, 1911.

*George E. Simpson, Bennet & Branch,* for plaintiff in error.
*F. G. Boatright, W. H. Dorris, J. J. Murray,* contra.

