### 5972.  HARRIS *v.* THE STATE.

RUSSELL, C. J.  There being sufficient evidence to sustain a verdict of guilty, the discretion of the trial judge in overruling the motion for a new trial, based solely upon the usual general grounds, will not be interfered with.    *Judgment affirmed. Broyles, J., not presiding.*
DECIDED MAY 3, 1915.

Accusation of sale of liquor; from city court of Madison—Judge Anderson.  August 17, 1915.

*Williford & Lambert,* for plaintiff in error.
*A. G. Foster, solicitor,* contra.

---

### 5984.  DAVIS *v.* CITY OF WAYCROSS.

RUSSELL, C. J.  1. The allegation in the petition for certiorari, that "no jurisdiction was shown in the recorder's court," is not such a "distinct allegation in the petition for the writ of failure to prove the venue" as is contemplated and required by the "practice act" of 1911 (Acts 1911, p. 149). Failure to show jurisdiction and lack of proof of venue are not synonymous. To have authorized the judge of the superior court to grant the writ on account of the fact that the venue was not proved, the particular point should have been specifically made.
2. The evidence, though apparently weak, was sufficient to authorize the judgment of guilty, and the court did not err in denying the writ of certiorari.    *Judgment affirmed. Broyles, J., not presiding.*
DECIDED MAY 3, 1915.

Petition for certiorari; from Ware superior court—Judge Quincey.  April 11, 1914.

*John J. Moore,* for plaintiff in error.
*Parker & Walker, M. D. Dickerson,* contra.