## GARRETT *v.* CITY OF ATLANTA.

Where one is on trial in the recorder's court of a municipality for violation of an ordinance of the city, it is essential that the venue should be proved by direct or sufficient circumstantial evidence that the crime was committed within the limits of the municipality. And where it is not so proved, and the writ of certiorari is sued out, and the petition therefor contains the distinct allegation, as provided in the act approved August 21, 1911 (Acts 1911, p. 149), relating to practice in courts of review, that there was a failure to prove the venue, and there is a proper assignment of error thereon, it is error for the judge of the superior court to overrule the certiorari, though it does not appear that the distinct question as to the venue was raised in the recorder's court.

No. 2692.    FEBRUARY 16, 1922.

Question certified by Court of Appeals (Case No. 12398).

*James C. Davis,* for plaintiff in error.

*J. L. Mayson* and *J. M. Wood,* contra.

BECK, P. J. As shown by the question certified to this court by the Court of Appeals, the accused was tried and convicted in the recorder's court of the City of Atlanta, for violation of a certain ordinance of the city. Upon the trial the undisputed evidence showed that the alleged offense was committed " on West Peachtree Street at the intersection of Simpson Street." This was the only evidence as to where the alleged offense was committed. The accused made no point, until after he had been adjudged guilty by the recorder, that the venue had not been proved; and he raised the question for the first time in his petition for certiorari. The certiorari was sanctioned, but on the hearing thereof it was overruled by the judge of the superior court.

Notwithstanding it may be obvious from the record in this case, and as a matter of general knowledge of the City of Atlanta, that the recorder, the accused, and his counsel, and the judge of the superior court who overruled the certiorari, all knew that the intersection of West Peachtree and Simpson streets was inside the corporate limits of the city, nevertheless it was essential that that

fact should have been proved by evidence submitted, in order to establish the guilt of the accused. It was not necessary for the accused to distinctly raise that question in the trial court; it was sufficiently raised by his plea that he was not guilty. That the location of the alleged offense was in the city was of the essence of the charge against him and a material part of the charge against him, and it was as necessary to prove that by evidence then submitted as to prove any other ingredient of the offense. This conclusion follows from numerous decisions made both by this court and the Court of Appeals. *Taylor* v. *Americus,* 39 *Ga.* 59; *Kolman* v. *State,* 124 *Ga.* 63 (52 S. E. 82); *Marlin* v. *Gainesville,* 126 *Ga.* 577 (55 S. E. 409.); *Simpson* v. *Macon,* 8 *Ga. App.* 535 (69 S. E. 1084). Numerous other cases might be cited to this same effect. In the case of *Martin* v. *Gainesville,* supra, it was said: "Before the defendant can be convicted of a violation of an ordinance of the City of Gainesville, it should be made to appear by competent and sufficient evidence that the act alleged to have been done in violation of such ordinance was within the limits of said city as prescribed in its charter." In the case of *Simpson* v. *Macon,* supra, it was held: "On the trial of one by the recorder of the City of Macon, charged with a violation of an ordinance of the city, evidence that the offense was committed at 'Mr. Chapman's store on Hazel and Jackson streets,' without any further proof that the designated store was in the City of Macon, or that the streets mentioned were streets of the City of Macon, is insufficient to prove the venue. *Ware* v. *State,* 3 *Ga. App.* 478 (60 S. E. 109); *Smith* v. *State,* 2 *Ga. App.* 413 (58 S. E. 549)." And in the case of *Wade* v. *State,* 11 *Ga. App.* 411 (75 S. E. 494), it was said: "It is also insisted that the venue was not an issue in the case; that no question as to venue was made on the trial. Whether it was an issue on the trial or not, if the question is specifically raised by the motion for a new trial, as provided by the act of 1911 (Acts 1911, p. 149), the brief of evidence in this court must disclose the fact that the venue was affirmatively and clearly proved. Here the question is properly made in the record." These rulings are not affected by the act approved August 21, 1911, above referred to, being an act to regulate practice in courts of review. The first section of that act declares that "after the passage of this act no judge of the superior courts shall grant the

writ of certiorari or sustain such writ in a criminal or quasi criminal case on the ground that the venue was not proved in the trial court, or that the time of the commission of the offense was not proved, unless there is a distinct allegation in the petition for the writ of failure to prove the venue or time, and an assignment of error as to such matters." The only change that this act makes is to render it essential, though it was not so before, that there should be a distinct allegation in the petition for the writ of certiorari that there had been a failure upon the part of the prosecution to prove the venue or the time of the commission of the offense. That act does not make it necessary to raise that question expressly and distinctly in the trial court in order to make the failure a good ground of certiorari. Nothing here said is in conflict with the decisions made in cases of *Fox* v. *State,* 150 *Ga.* 673 (104 S. E. 631), *Masters* v. *Southern Express Co.,* 23 *Ga. App.* 642 (99 S. E. 144), and other cases of like character, wherein it has been held that the writ of certiorari lies for the correction of errors committed by the trial court, but that the writ may not for the first time raise a point which should have been raised before the trial court and on which that court should have been given an opportunity to rule at the time of the trial.

This decision is made in answer to a question propounded by the Court of Appeals, and is an answer to the same.

*All the Justices concur.*