16214.   SOUTHERN RAILWAY COMPANY *v.* CLARK.

JENKINS, P. J.   1. A passenger of a railway company who has been carried beyond her destination may elect to sue either for a breach of the contract or in tort. In this action the plaintiff has expressly elected to sue in tort.

2  It being shown by the petition that the alleged continuous tort was committed partly in one of the counties of this State, and continued beyond the limits of this State over in an adjoining State, in which the principal injury was committed, the court of the county where the tort originated did not have exclusive jurisdiction (*Central of Ga. Ry. Co.* v. *Dorsey,* 116 *Ga.* 719 (3), 42 S. E. 1024); and since "the statutory rule confining suits against railroad companies for torts to the county in which the cause of action arose does not apply to torts committed beyond the limits of the State by a non-resident railway company" (*Atlantic Coast Line R. Co.* v. *Stephens,* 11 *Ga. App.* 520 (1), 75 S. E. 841), there was no error in overruling the demurrer to the petition, based upon the ground that the court was without jurisdiction, where it appears that the suit against the foreign railway corporation was brought in another county of this State, in which the defendant maintained an office and place of business.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 9, 1925.

Action for damages; from Fulton superior court — Judge Humphries.   December 23, 1924.

Certiorari was granted by the Supreme Court.

*McDaniel & Neely, Rembert Marshall,* for plaintiff in error.

*R. B. Blackburn,* contra.