## SOUTHERN RAILWAY COMPANY *v.* CLARK.

The Civil Code (1910), § 2798, provides: "All railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its

Carriers, 10 C. J. p. 345, n. 41; p. 824, n. 14; p. 996, n. 89, 92 New.

officers, agents, or employees, for the purpose of recovering damages for such injuries; . . any judgment rendered in any other county than the one in which the cause so originated shall be utterly void. But if the cause of action arises in a county where the railroad company liable to suit has no agent, then suit may be brought in the county of the residence of such company." *Held*, that this law is applicable in a case where a passenger brings suit in tort against a railroad company for negligence in carrying her beyond her destination in a particular county and through that county into another State, where further damages result from the continued wrong; and where the railroad company has an agent in the county where the tort originated, the venue of a suit for such injury is exclusively in that county.

No. 5095. SEPTEMBER 11, 1926.

Certiorari from Court of Appeals. 34 *Ga. App.* 312.

*Rembert Marshall* and *McDaniel & Neely*, for plaintiff in error.

*R. B. Blackburn*, contra.

ATKINSON, J. In a petition for certiorari, error is assigned upon the following decision of the Court of Appeals: "It being shown by the petition that the alleged continuous tort was committed partly in one of the counties of this State, and continued beyond the limits of this State over in an adjoining State, in which latter State the principal injury was committed, the county where the tort originated did not have exclusive jurisdiction (*Central of Ga. Ry. Co.* v. *Dorsey,* 116 *Ga.* 719 (3), 42 S. E. 1024); and since 'the statutory rule confining suits against railroad companies for torts to the county in which the cause of action arose does not apply to torts committed beyond the limits of the State by a non-resident railway company' (*Atlantic Coast Line R. Co.* v. *Stephens,* 11 *Ga. App.* 520, 75 S. E. 841), there was no error in overruling the demurrer to the petition, based upon the ground that the court was without jurisdiction, where it appears that the suit against the foreign railway corporation was brought in another county of this State, in which the defendant maintained an office and place of business." The Civil Code (1910), § 2798, provides: "All railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its officers, agents, or employees, for the purpose of recovering damages for such injuries; . . any judgment rendered in any other county than the one in which the cause so originated shall be utterly void. But if the cause of action arises in a county where the railroad company liable to suit

has no agent, then suit may be brought in the county of the residence of such company."

In *Central R. &c. Co.* v. *Carswell,* 54 *Ga.* 251, it was said: "The act of 1869, providing that the words 'in or by the running of the cars or engines' shall be struck out of section [3329] of the Code (Irwin's) leaves that section very broad. It thus covers 'injuries' of any kind, since it will then read that the action may be brought in the county where the cause of action originated, when any one has been 'injured' in person or property."

In *Savannah, Florida & Western Ry. Co.* v. *Atkinson,* 94 *Ga.* 780, 783 (21 S. E. 1010), it was said: "Under our Code, all railroad companies are residents, for purposes of suit against them, in every county through which the road runs, whether the cause of action be legal or equitable, or partly the one and partly the other. Code, § 3406; *Watson* v. *R. Co.,* 91 *Ga.* 222 [18 S. E. 306]." The case of *Southern Railway Co.* v. *O'Bryan,* 112 *Ga.* 127, 131 (37 S. E. 161), was one in which Mrs. O'Bryan brought suit against the railway company, claiming that she had sustained damage on account of having been negligently carried beyond the station in Floyd County, to which she had paid her fare; that she had been compelled to ride in a coach filled with riotous and drunken soldiers; and that, in being taken from the car containing these disorderly passengers in Whitfield County and being transferred to a returning train, she was for an unnecessary length of time negligently exposed to the weather upon the platform of the car. It was said in the opinion: "It is not necessary to determine in the present case whether the injured party would have a right to bring suit in any of the counties which he might select, and use what occurred in the other counties as matter of aggravation; but it is certainly safe to hold, as is done in the present case, that he may bring suit in the county where the failure on the part of the railroad company to discharge its duty to the passenger originated, and use the transactions occurring in the other counties as mere matters of aggravation."

The case of *Central of Georgia Railway Co.* v. *Dorsey,* 116 *Ga.* 719, 722 (42 S. E. 1024), was an action for damages, based on tort, by a passenger who had purchased a ticket to Lovejoy in Clayton County and was carried beyond her station to Hampton in Henry County. It was said in the opinion: "While, under

the plaintiff's theory, it was a tort not to stop the train at Love-joy, and this tort was committed in Clayton County, the carrying her on beyond Hampton made it all a continuous tort. We think plaintiff might have brought suit in either county."

Upon application of the provisions of Civil Code (1910) § 2798, and the principles ruled in the foregoing decisions of this court, where a suit was brought for a tort against the Southern Railway Company for a failure to put off a passenger at the point of desti-nation at Toccoa in Stephens County, where the company had an agent, and for carrying her beyond the limits of the county. into the State of South Carolina, where further damages from the con-tinued tort occurred, the venue of the suit for the whole tort is in the County of Stephens where the tort originated. If the car-riage beyond the point of destination had been through more coun-ties in this State than one, it would have been wrongful in each county, and a suit might have been brought in either county. The Code section, supra, has application everywhere within the State, but it does not purport to have application beyond the State line. In the facts above stated, as the tort originated in Stephens County and was not continued in any other county in the State, the suit for the tort could not be brought in any other county of the State. In the language of the statute, a "judgment rendered in any other county than the one in which the cause so originated shall be utterly void." The fact that the Southern Railway Com-pany is a foreign corporation can not affect the question of the venue of the suit, because, by force of the statute, it is deemed in law to have a residence in the county for the purposes of bringing a suit for tort.

The ruling here made does not conflict with former decisions of this court or decisions of the Court of Appeals, relating to venue of suits for torts committed wholly in another State. As in-dicated above, the Civil Code, § 2798, does not purport to deal with questions of venue of suits for torts that arise beyond the limits of the State. It follows from what has been said that the Court of Appeals erred in affirming the judgment of the trial court over-ruling the ground of the demurrer to the petition that related to the jurisdiction of the court.

*Judgment reversed.　All the Justices concur.*