## 23314. GEORGIA POWER COMPANY v. WOODALL.

■■■■■■■■

DECIDED NOVEMBER 27, 1933.  REHEARING DENIED DECEMBER 22, 1933.

■■■■■■■■

*Colquitt, Parker, Troutman & Arkwright, Harllee Branch Jr.*, for plaintiff in error.

*G. Seals Aiken*, contra.

GUERRY, J.   The only question presented for consideration before this court is one of jurisdiction.   The plaintiff alleged in paragraph 1: "That the defendant in this case is the Georgia Power Company, a corporation with principal office and place of business in the city of Atlanta, county of Fulton, Georgia, where service of process can be effected upon it; and that the said defendant is subject to the jurisdiction of this court."  The defendant in its plea admitted the truth of this allegation.   In paragraph 7 the plaintiff alleged: "That at a point on Peachtree road about the second block north of Brookwood station, in the city of Atlanta and county of Fulton," the alleged injury occurred.  The paragraph contained other allegations with respect to the alleged injury.   This paragraph the defendant company denied in its answer.   The evidence nowhere disclosed that the place of the alleged injury was in Fulton county, although it did disclose that the injury complained of occurred while she was on a car of the defendant company which she boarded at the corner of Alabama and Whitehall streets in Atlanta; that it was a Peachtree and Brookwood car going north; that her husband had a place of business at Peachtree and Collier roads and she was working there; and that after the car passed Brookwood it had a wreck that caused the injury complained of.   The wreck occurred between Collier road and Brookwood station.   This was in effect all the testimony which fixed the place where the injury occurred, it not affirmatively appearing that the injury occurred in Fulton county, Georgia.

Under section 2798 of the Civil Code as amended (Ga. L. 1912, p.

66), it is a condition precedent to the rendition of a valid judgment in an action against a railroad or electric company that the judgment be rendered by a court of competent jurisdiction in the county in which the cause of action originated. This section is mandatory in its terms, and since the adoption of the act of 1892 from which it was taken (Ga. L. 1892, p. 52), the defendant can not waive it. All causes of action are ordinarily brought in the county of the residence of the defendant. This provision of the law may be waived as by appearance and pleading to the merits without raising the point. See Civil Code (1910), § 5664. Since the act of 1892 amending that section, jurisdiction in cases of the kind referred to in the act can not be conferred by appearance and pleading to the merits. A court of another county than that in which the injury or damage occurs is without power or authority to issue a valid judgment.

The decisions in *Central R.* v. *DeBray*, 71 *Ga.* 406, and *E. T., V. & G. Ry. Co.* v. *Suddeth*, 86 *Ga.* 388 (12 S. E. 682), were rendered prior to the amendment referred to. It was expressly held in *Northern Contracting Co.* v. *Maddux*, 144 *Ga.* 686 (87 S. E. 892), that the defendant in that suit could not be held to be an electric company, and that therefore section 2798 did not apply. The later decisions admit of no question with reference to the effect of the statute, which declares such a judgment utterly void. In *Central of Ga. Ry. Co.* v. *Dowe*, 6 *Ga. App.* 858 (65 S. E. 1091), it was said: "Where section 2334 of the Civil Code [now 2798] relating to venue of suits against railroad companies is applicable, *it is exclusive.* (Italics ours.) A suit brought elsewhere than is there provided is void, and the defendant can not waive jurisdiction by pleading to the merits. Other suits against railroad companies are controlled by the general law." This language would also apply to electric companies. This statute does not cover torts committed in another State. In such a case the question of jurisdiction, so far as it is affected by the venue, must be raised by timely plea or demurrer. See also, in this connection, *Summers* v. *Southern Ry. Co.*, 118 *Ga.* 174 (45 S. E. 27). It is essential, therefore, in actions of the present character that the county of the situs of the happening be pleaded and proved. It was properly pleaded. The defendant denied the paragraph of the petition which alleged the venue. This put the plaintiff upon proof as to

this feature. It was essential to a recovery that the plaintiff show by evidence that the injuries which caused the damage were inflicted in Fulton county. See, in this connection, *Southern Ry. Co.* v. *Brock,* 115 *Ga.* 721 (42 S. E. 65). Iu *Tatum* v. *Seaboard Air-Line Ry.,* 128 *Ga.* 813 (58 S. E. 465), it was said: "Where it does not appear from an admission in the pleadings, or from evidence submitted, . . in an action against a railroad company that the suit was brought in the county where the tort was committed, a judgment of· nonsuit will not be disturbed." This rule would apply with equal force to electric companies. In *Brooke* v. *L. & N. R. Co.,* 3 *Ga. App.* 492 (60 S. E. 218), it was said: "Inasmuch as·a judgment rendered in any other county than that in which the cause of action arose would be absolutely void, it must affirmatively appear, from the testimony of the plaintiff [if the damage was done in the State of Georgia], . . that it was done in [the] . . county where the suit was brought." Such a fact must appear from the evidence or be reasonably deducible therefrom. See *Southern Ry. Co.* v. *Clarke,* 162 *Ga.* 616 (134 S. E. 605).

It can not be said that the admission by the defendant of the allegations of paragraph 1 is an admission that the injury complained of happened in Fulton county. That paragraph contains no such allegation, and the admission of the truth as therein contained is but an admission of the jurisdiction of the court as to all matters. No strained construction would make the admission cover the allegations as made in paragraph 7 of the petition, which are categorically denied, and this denial puts the burden on the plaintiff of sustaining them by proof. This court will take judicial notice of the fact that Atlanta is in both Fulton and DeKalb counties. *Avera* v. *State,* 25 *Ga. App.* 276 (103 S. E. 94). The fact that this court might take judicial notice of the fact that certain other cities or towns in this State were within certain counties does not apply to the city of Atlanta, for the reason suggested above. *Garrett* v. *Atlanta,* 152 *Ga.* 675 (110 S. E. 886). The fact that the injury occurred on the Peachtree and Brookwood car line somewhere north of Brookwood station on Peachtree road and south of Collier road is not judicial notice that the injury occurred in Fulton county. In criminal cases the venue is a substantive fact, and the decision as to the kind and character of

proof required is unquestioned. See *Ware* v. *State*, 3 *Ga. App.* 478 (60 S. E. 109); *Edwards* v. *Atlanta*, 124 *Ga.* 78 (52 S. E. 297); *Woolen* v. *State*, 119 *Ga.* 745 (47 S. E. 193); *Garrett* v. *Atlanta*, supra. It is essential in suits against railroad and electric companies that it be shown that the injury complained of occurred in the county in which suit was filed. It is not required that this be established beyond a reasonable doubt as in criminal cases, but it must be made to appear. This, in our opinion, was not done. The court, therefore erred in overruling the motion for a new trial.

*Judgment reversed. Sutton and MacIntyre, JJ., concur.*