34575. GEORGIA, ASHBURN, SYLVESTER & CAMILLA RY. CO. *v.* ATLANTIC COAST LINE R. CO.

DECIDED MAY 16, 1953—REHEARING DENIED JUNE 16, 1953.

*Bob Humphreys, Custer & Kirbo,* for plaintiff in error.
*Jesse W. Walters, Peacock, Perry & Kelly,* contra.

TOWNSEND, J. Under the provisions of Code § 94-1101, all suits against railroads for breach of contract must be brought in the county in which the contract in question is made or is to be performed; any judgment rendered in any county other than those so designated shall be utterly void, with the exception that, if the cause of action shall arise in a county in which the defendant railroad has no agent, the suit may then be brought in the county of residence of the defendant. It was held in *Central of Georgia Ry. Co.* v. *Dowe & Co.*, 6 *Ga. App.* 858 (1) (65 S. E. 1091), as follows: "Where section 2334 of the Civil

Code [§ 94-1101] relating to venue of suits against railroad companies, is applicable, it is exclusive. A suit brought elsewhere than is there provided is void, and the defendant cannot waive the question of jurisdiction by pleading to the merits." Where it is neither alleged nor proved, in a suit against a railroad company based on a contract, that the suit is brought in the county where the contract was made or to be performed, or, if brought in the county of residence of the defendant, that there is no agent in such counties upon whom service may be perfected, the judgment in such action is utterly void. *Atlanta, Birmingham &c. R. Co.* v. *A.C.L.R. Co.*, 138 *Ga.* 353 (75 S. E. 468); *Georgia Power Co.* v. *Woodall*, 48 *Ga. App.* 85 (172 S. E. 76); *Summers* v. *Southern Railroad Co.*, 118 *Ga.* 174 (45 S. E. 27); *Georgia Ry. & Bkg. Co.* v. *Seymour*, 53 *Ga.* 500; *Payne* v. *Chambliss*, 27 *Ga. App.* 374 (108 S. E. 472). Each count of the petition alleged that the defendant had its office and principal place of business in Colquitt County, where the suit was brought; the contract, which did not on its face show where it was entered into, is an agreement between the plaintiff, Atlantic Coast Line Railroad Company, and a predecessor in title of the defendant Georgia, Ashburn, Sylvester & Camilla Railroad Company, for the installation of certain tracks of the Flint River & Gulf Railway Company over the line of the Atlantic Coast Line, such installation to take place in Worth County, Georgia, and containing contract provisions looking forward to installation of other signaling devices at the intersection of the railroads as follows:

"Seventh: That in order to enable the said party of the second part to exercise successfully the privilege herein granted, without imposing hinderance or delay to the movement of trains on and over the tracks of the said party of the first part, and without injury or detriment to the same, by interference or otherwise with its operations; it shall be the duty of the party of the second part to erect, maintain and operate gates including derailing switches; the plans of the same and the erection to be approved by the Engineer of Roadway of the said party of the first part.

"And whenever it shall be required by the public authorities of the State of Georgia, or it shall be deemed proper and ad-

visable by the party of the first part, an interlocking plant including the proper protection of the crossing by interlocking signals and derailing switches shall be constructed and maintained at the said crossing under the plans and direction of the said party of the first part. The cost of the installation of said interlocking plant to be borne by the parties hereto in equal proportions, this is, half and half; but the cost of maintenance of the said interlocking plant and its operation shall be the sole cost of the party of the second part. *The said party of the second part will further alter and improve or erect new and improved signals upon demand of the party of the first part under the same terms as provided for in the original installation.*" (Emphasis added.)

It is conceded that, upon the trial of the case, no proof was offered as to the county in which the contract was entered into, and that the installation was to occur in Worth County; but it is contended by counsel for the plaintiff, upon the authority of *Waycross Air-Line R. Co.* v. *Offerman &c. Ry. Co.*, 114 *Ga.* 727 (1) (40 S. E. 738), and *Georgia Railway & Bkg. Co.* v. *Seymour*, supra, that the sole obligation of the defendant under the contract was to pay over the cost of one half of the improvements or alterations effected by the plaintiff, after such alterations had been made and after demand for the sum due. These cases are authority for the proposition that, if the sole responsibility of the obligor in a contract is to pay over a sum of money upon a certain contingency arising, then the venue of the action is properly laid at the home office of the railroad corporation which is liable for such sum, and a demand therefor must also be made at such home office, in the county of its residence.

We cannot, however, so construe the contract here, upon which the plaintiff must recover under the allegations of this suit if it recovers at all, as placing upon the Flint River & Gulf Railway Company only an obligation to pay money. The contract states that such railroad "will further alter and improve or erect new and improved signals upon demand of the party of the first part under the same terms as provided for in the original installation." The terms provided for in the original installation are that the signals and switches "shall be constructed and maintained at the said crossing under the plan and direction of" the

Atlantic Coast Line Railroad, the cost of the installation to be borne by the parties in equal proportion. The obligation here is, in consequence, not solely an obligation to pay money, as in the cases last above cited, but is an obligation relative to the installation or improvement of definitely described property. In a similar case involving a contract between two railroads for proposed track changes, where the obligation in question was a covenant that, under stipulated conditions, the portion of track fill "shall be repaired and restored by the first party, or by the second party at the expense of the first party" it was held, in *A. B. & A. Railroad Co.* v. *A. C. L. Railroad Co.*, 138 *Ga.* 353, supra, on a suit to recover the expense of repairing such track fill by the obligee, that the place where the contract was to be performed was the county where the work was to be done, rather than the county of residence of the defendant railroad, where demand for payment was made. It likewise appears here that, under the terms of the contract, the place of performance is Worth County, where the alterations and improvements were to be made, rather than Colquitt County, where the suit was brought.

"Failure to show jurisdiction and lack of proof of venue are not synonymous." *Davis* v. *City of Waycross*, 16 *Ga. App.* 239 (1) (85 S. E. 81). Code § 94-1101, supra, provides that, as to tort actions against railroad or electric companies, suit must be brought in the county where the damage or injury occurred; and, as to this provision, it was held in *Brooke* v. *Louisville & Nashville R. Co.*, 3 *Ga. App.* 492, 493 (60 S. E. 218), "inasmuch as a judgment rendered in any other county than that in which the cause of action arose would be absolutely void, it must affirmatively appear, from the testimony of the plaintiff, either that the damage to his property was done outside of the State of Georgia, or, if done in the State, that it was done in Fulton County, where this suit was brought." The same rule would apply to that portion of Code § 94-1101, supra, dealing with contract actions, and it relates, not to venue merely, but to the jurisdiction of the court over the subject matter involved. Accordingly, it not affirmatively appearing from the record here, either (a) that the contract was made in Colquitt County, or (b) was to be performed in Colquitt County, or (c) that the

defendant railroad has no agent in the county where the cause of action arose—it follows that the judgment in favor of the plaintiff is contrary to law and without evidence to support it, the evidence being insufficient to show the jurisdiction of the court.

Since this case must be reversed upon the general grounds, the special grounds of the amended motion for new trial are not passed upon.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*